******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* RAY BOYD
(SC 19673)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald,
Espinosa and Robinson, Js.

*Argued September 12—officially released December 27, 2016*

*Alexandra R. Harrington*, deputy assistant public defender, with whom was *Adele V. Patterson*, senior assistant public defender, for the appellant (defendant).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, *John P. Doyle, Jr.*, senior assistant state's attorney, and *Melissa Patterson*, assistant state's attorney, for the appellee (state).

*Opinion*

PALMER, J. The defendant, Ray Boyd, appeals from the trial court's dismissal of his motion to correct an illegal sentence for lack of jurisdiction. The defendant, who was sentenced to fifty years imprisonment without parole in 1992 for a crime that he committed when he was seventeen years old, contends that he is entitled to resentencing on the basis of recent changes to juvenile sentencing law. We discussed this precise issue in *State* v. *Delgado*, 323 Conn. 801,      A.3d      (2016), and our resolution of the defendant's appeal is controlled by our decision in that case. We affirm the trial court's dismissal of the defendant's motion to correct.

The following facts and procedural history are relevant to the present appeal. The defendant was convicted of murder in violation of General Statutes § 53a-54a and sentenced by the trial court, *W. Hadden, J.*, to a term of fifty years imprisonment with no opportunity for parole. On appeal, the Appellate Court affirmed the judgment of conviction. *State* v. *Boyd*, 36 Conn. App. 516, 525, 651 A.2d 1313, cert. denied, 232 Conn. 912, 654 A.2d 356, cert. denied, 516 U.S. 828, 116 S. Ct. 98, 133 L. Ed. 2d 53 (1995). The facts underlying the defendant's conviction are set forth in that decision.

In 2013, the defendant filed a motion to correct his sentence pursuant to Practice Book § 43-22,[1] contending that a prison term that is equivalent to life imprisonment without parole constituted cruel and unusual punishment in violation of the eighth amendment to the United States constitution and article first, §§ 8 and 9, of the Connecticut constitution.[2] The defendant further argued that his sentence was illegal because he had not been given a meaningful opportunity for release from prison, and that the sentence had been imposed in an illegal manner because he was not afforded an individualized sentencing hearing at which the court considered specific mitigating factors associated with his young age at the time of the crime of which he was convicted. See *Miller* v. *Alabama*, U.S.      , 132 S. Ct. 2455, 2469, 183 L. Ed. 2d 407 (2012) (requiring sentencing court to consider youth related mitigating factors when imposing sentence of life imprisonment without parole); *State* v. *Riley*, 315 Conn. 637, 658–59, 110 A.3d 1205 (2015) (sentencing court must consider age related evidence in mitigation when deciding whether to irrevocably sentence juvenile offender to term of life imprisonment, or equivalent, without parole), cert. denied,      U.S.      , 136 S. Ct. 1361, 194 L. Ed. 2d 376 (2016); see also *Casiano* v. *Commissioner of Correction*, 317 Conn. 52, 62, 115 A.3d 1031 (2015) (sentencing considerations that were identified in *Miller* apply retroactively in collateral proceedings), cert. denied sub nom. *Semple* v. *Casiano*,      U.S.      , 136 S. Ct. 1364, 194 L. Ed. 2d 376 (2016). The trial court, *Clifford, J.*, did not reach the merits of

the motion to correct but dismissed the motion for lack of jurisdiction, from which dismissal the defendant appeals.[3]

In the present case, as in *Delgado*, we affirm the trial court's dismissal of the defendant's motion to correct for lack of jurisdiction. As we explained in *Delgado*, an allegation that a sentence is illegal or was imposed in an illegal manner is a necessary predicate to a trial court's jurisdiction to correct a sentence. See *State* v. *Delgado*, supra, 323 Conn. 812. When the defendant in the present case filed his motion to correct, he was serving a sentence that was equivalent to life imprisonment and he was not eligible for parole. As a result, he could raise a colorable claim that his sentence was illegal or imposed in an illegal manner on the ground that the trial court had failed to consider youth related factors as required by *Miller*. Following the enactment of No. 15-84 of the 2015 Public Acts (P.A. 15-84),[4] however, the defendant is now eligible for parole and can no longer claim that he is serving a sentence of life imprisonment, or its equivalent, without parole. In considering this issue in *Delgado*, we explained that "[t]he eighth amendment, as interpreted by *Miller*, does not prohibit a court from imposing a sentence of life imprisonment *with* the opportunity for parole for a juvenile homicide offender, nor does it require the court to consider the mitigating factors of youth before imposing such a sentence. . . . Rather, under *Miller*, a sentencing court's obligation to consider youth related mitigating factors is limited to cases in which the court imposes a sentence of life, or its equivalent, *without* parole. . . . As a result, the defendant's sentence no longer falls within the purview of *Miller*, *Riley* and *Casiano*, which require consideration of youth related mitigating factors only if the sentencing court imposes a sentence of life without parole." (Citations omitted; emphasis in original.) Id., 810–11.

In sum, because *Miller*, *Riley* and *Casiano* do not require a trial court to consider any particular mitigating factors associated with a juvenile's young age before imposing a sentence that includes an opportunity for parole, the defendant can no longer allege, after the enactment of P.A. 15-84, that his sentence was imposed in an illegal manner on the ground that the trial court failed to take these factors into account. We therefore conclude that the defendant has not raised a colorable claim of invalidity that, if decided in his favor, would require resentencing. See id., 812–13. In the absence of such an allegation, the trial court does not have jurisdiction over the motion to correct.

The trial court's dismissal of the defendant's motion to correct an illegal sentence is affirmed.

In this opinion the other justices concurred.

[1] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a

sentence imposed in an illegal manner or any other disposition made in an illegal manner.''

[2] The eighth amendment to the United States constitution provides: ''Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.''

On appeal, the defendant has not raised or briefed any separate arguments or claims under the state constitution. Because, for purposes of this appeal, the defendant does not contend that the state constitution affords him any greater rights than he possesses under the federal constitution, we limit our analysis to his federal constitutional claim. See, e.g., *Barros* v. *Barros*, 309 Conn. 499, 507 n.9, 72 A.3d 367 (2013).

[3] The trial court, *Clifford, J.*, concluded that a motion to correct was not the appropriate mechanism for addressing an alleged *Miller* violation and dismissed the motion for lack of jurisdiction. The state now concedes, and we agree, that the trial court incorrectly concluded that it lacked jurisdiction over the motion to correct at that time. The motion, at that point, raised a viable claim insofar as it alleged that a sentence of life imprisonment without parole had been imposed without consideration of youth related mitigating factors. As we discuss subsequently in this opinion, however, the defendant is now eligible for parole and can no longer claim that he is serving a sentence of life imprisonment without parole. As a result, the defendant's claim no longer falls within the purview of *Miller*, and the trial court no longer has jurisdiction over the motion to correct. See *State* v. *Delgado*, supra, 323 Conn. 813 (case fell within exception to general rule that '' 'jurisdiction once acquired is not lost or divested by subsequent events' '' because juvenile sentencing laws had changed so significantly that claims that required resentencing when motion to correct was filed no longer require resentencing).

[4] Section 1 of No. 15-84 of the 2015 Public Acts, codified at General Statutes (Supp. 2016) § 54-125a, provides in relevant part: ''(f) (1) Notwithstanding the provisions of subsections (a) to (e), inclusive, of this section, a person convicted of one or more crimes committed while such person was under eighteen years of age, who is incarcerated on or after October 1, 2015, and who received a definite sentence or total effective sentence of more than ten years for such crime or crimes prior to, on or after October 1, 2015, may be allowed to go at large on parole in the discretion of the panel of the Board of Pardons and Paroles for the institution in which such person is confined, provided (A) if such person is serving a sentence of fifty years or less, such person shall be eligible for parole after serving sixty per cent of the sentence or twelve years, whichever is greater . . . .''

---