******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* TAUREN
WILLIAMS-BEY
(AC 37430)

Lavine, Alvord and Beach, Js.*

Reconsidered April 13—officially released May 9, 2017**

(Appeal from Superior Court, judicial district of
Hartford, Clifford, J. [judgment]; Alexander, J. [motion
to correct illegal sentence].)

*Heather Clark*, assigned counsel, for the appellant
(defendant).

*Michele C. Lukban*, senior assistant state's attorney,
with whom, on the brief, were *Gail P. Hardy*, state's
attorney, *Vicki Melchiorre*, senior assistant state's attor-
ney, and *Melissa E. Patterson*, assistant state's attorney,
for the appellee (state).

*Opinion*

PER CURIAM. This court originally issued its decision in the present case on August 23, 2016. See *State* v. *Williams-Bey*, 167 Conn. App. 744, 144 A.3d 467 (2016), *petition for cert. filed* (Conn. September 12, 2016) (No. 160154). In our decision, we concluded that the form of the trial court's judgment was improper and remanded the case "with direction to render judgment denying the defendant's motion to correct an illegal sentence." Id., 781.

Several months later, our Supreme Court issued its decision in *State* v. *Delgado*, 323 Conn. 801, 151 A.3d 345 (2016), and thereafter, on February 7, 2017, issued the following order. "No action is taken on the defendant-appellant [Tauren Williams-Bey's] petition for certification to appeal filed September 12, 2016, at this time. It is hereby ordered, sua sponte, that the Appellate Court's decision in *State* v. *Tauren Williams-Bey*, 167 [Conn. App.] 744 (2016), is remanded to that court with direction to reconsider its ruling that the trial court did have jurisdiction over the motion to correct an illegal sentence in light of our holding in *State* v. *Delgado*, 323 Conn. 801 (2016), and *State* v. *Boyd*, 323 Conn. 816 [151 A.3d 355] (2016)."

Upon reconsideration, we are constrained by *Delgado* to conclude that the trial court properly dismissed the defendant's motion to correct an illegal sentence and that its judgment should be affirmed. See *State* v. *Delgado*, supra, 323 Conn. 801.

The trial court's dismissal of the defendant's motion to correct an illegal sentence is affirmed.

\* The listing of judges reflects their seniority status on this court as of the date of reconsideration.

\*\* This case was originally decided on August 23, 2016, by the same three member panel of this court. Thereafter, our Supreme Court, sua sponte, directed this court to " reconsider its ruling that the trial court did have jurisdiction over the motion to correct an illegal sentence in light of our holding in *State* v. *Delgado*, 323 Conn. 801 [151 A.3d 345] (2016), and *State* v. *Boyd*, 323 Conn. 816 [151 A.3d 355] (2016)."