******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* RICKY ELLIS
(AC 39309)

Lavine, Prescott and Bishop, Js.

*Argued February 16—officially released June 20, 2017*

(Appeal from Superior Court, judicial district of Hartford, C. Taylor, J.)

*Deborah G. Stevenson*, assigned counsel, for the appellant (defendant).

*Bruce R. Lockwood*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Anthony Bochicchio*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Ricky Ellis, appeals from the judgment of the trial court, claiming that the court improperly dismissed his motion to correct an illegal sentence.[1] We affirm the judgment of the trial court.

On June 17, 2007, the defendant and an accomplice participated in a drive-by shooting that resulted in the death of Mark Morgan. The defendant was sixteen years old at the time he was arrested and charged with murder and conspiracy to commit murder. The defendant was on probation for a conviction of larceny in the third degree at the time he committed the underlying crimes.[2] On December 18, 2008, when he was eighteen years old, the defendant, with the assistance of counsel, entered into a plea agreement with the state. The defendant agreed to plead guilty under the *Alford* doctrine[3] to the crime of accessory to manslaughter in the first degree with a firearm in violation of General Statutes §§ 53a-55a and 53a-8 in exchange for a sentence of eighteen years incarceration. On March 11, 2009, the court sentenced the defendant in accordance with the plea agreement.

On June 15, 2015, the defendant filed an amended motion to correct an illegal sentence, wherein he claimed that the sentencing court did not take into consideration his age at the time he committed the offense and therefore violated his eighth amendment right against cruel and unusual punishment. He also claimed that, pursuant to No. 15-84, § 2, of the 2015 Public Acts (P.A. 15-84),[4] the court retroactively must review the sentence to determine his parole eligibility. The defendant argued that P.A. 15-84, *Miller* v. *Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012),[5] and *Graham* v. *Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010),[6] permit him to have a new sentencing hearing. The trial court concluded that the sentencing court was not required to consider the *Miller* factors when sentencing the defendant because the sentence he received was not the equivalent of life in prison without the possibility of parole, and the sentencing court had no authority to resentence the defendant's future parole under P.A. 15-84. The court therefore dismissed the motion to correct an illegal sentence. The defendant appealed.

On appeal, the defendant claims that the court improperly dismissed his motion to correct an illegal sentence by failing to apply *Miller* and *Graham* retroactively and by failing to apply P.A. 15-84 so as to grant him a new sentencing hearing. The defendant's claims are controlled by our Supreme Court's decision in *State* v. *Delgado*, 323 Conn. 801, 151 A.3d 345 (2016). "Following the enactment of P.A. 15-84 . . . the defendant is now eligible for parole and can no longer claim that

he is serving a sentence of life imprisonment, or its equivalent, without parole. The eighth amendment, as interpreted by *Miller*, does not prohibit a court from imposing a sentence of life imprisonment *with* the opportunity for parole for a juvenile homicide offender, nor does it require the court to consider the mitigating factors of youth before imposing such a sentence. See *Miller* v. *Alabama*, supra, 567 U.S.      ." (Emphasis in original.) *State* v. *Delgado*, supra, 810–11. We therefore conclude that the court properly dismissed the defendant's motion to correct an illegal sentence.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant claims that the court abused its discretion by dismissing his motion to correct. Whether the court properly dismissed the motion to correct presents a question of law subject to plenary review. See *State* v. *Robles*, 169 Conn. App. 127, 131, 150 A.3d 687 (2016), cert. denied, 324 Conn. 906, 152 A.3d 544 (2017); see also *Young* v. *Commissioner of Correction*, 104 Conn. App. 188, 193, 932 A.2d 467 (2007) (whether legal conclusions of trial court are legally and logically correct subject to plenary review), cert. denied, 285 Conn. 907, 942 A.2d 416 (2008).

[2] On the basis of the original charges, the defendant faced the possibility of eighty-one and one-half years incarceration with a mandatory minimum sentence of twenty-five years.

[3] *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[4] P.A. 15-84 is codified at General Statutes § 54-124a (f).

[5] *Miller* requires "that a sentencing court consider the defendant's chronological age and its hallmark features as a mitigating factor prior to sentencing a juvenile offender to life without parole or its functional equivalent." (Internal quotation marks omitted.) *State* v. *Williams-Bey*, 167 Conn. App. 744, 751 n.3, 144 A.3d 467 (2016), modified in part after reconsideration, 173 Conn. App. 64,      A.3d      , *petition for cert. filed* (Conn. May 30, 2017) (No. 160479). The defendant was not given a life sentence without parole or its functional equivalent. See id., 751–52.

[6] *Graham* requires that "a juvenile offender serving a life sentence or its functional equivalent is entitled to some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." (Internal quotation marks omitted.) *State* v. *Williams-Bey*, 167 Conn. App. 744, 751 n.3, 144 A.3d 467 (2016), modified in part after reconsideration, 173 Conn. App. 64,      A.3d      , *petition for cert. filed* (Conn. May 30, 2017) (No. 160479). The defendant was not sentenced to life in prison without the opportunity to obtain release on the basis of demonstrated maturity and rehabilitation.