******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# STATE OF CONNECTICUT *v.* ROBERT HATHAWAY
## (AC 40213)

DiPentima, C. J., and Mullins and Pellegrino, Js.

*Syllabus*

The defendant, who previously had been convicted of the crime of murder and sentenced to a mandatory minimum term of twenty-five years of incarceration without the possibility of parole stemming from his role in a shooting when he was seventeen years old, appealed to this court, claiming that the trial court improperly dismissed his motion to correct an illegal sentence for lack of subject matter jurisdiction. The defendant claimed, inter alia, that the sentence of twenty-five years of incarceration for murder imposed upon a juvenile violated the prohibition in the eighth amendment against cruel and unusual punishment, and article first, §§ 8 and 9, of the state constitution, because there was no meaningful opportunity for him to obtain release through parole based on demonstrated maturity and rehabilitation prior to the expiration of his term of incarceration. *Held* that the defendant's claims having been fully addressed and rejected by this court in the companion case of *State* v. *Rivera* (177 Conn. App.    ), which involved the same underlying facts and issues on appeal, that decision was dispositive of the defendant's claim, and, accordingly, the trial court's judgment was affirmed; moreover, although the defendant in *Rivera* was granted parole and the defendant in the present case was not, the defendant in the present case was eligible for parole pursuant to statute (§ 54-125a [f]), and, thus, he could no longer claim that he was serving a sentence of life imprisonment, or its functional equivalent, without the possibility for parole.

Argued May 15—officially released October 17, 2017

*Procedural History*

Substitute information charging the defendant with the crimes of murder and felony murder, brought to the Superior Court in the judicial district of Hartford, where the defendant was presented to the court, *Solomon, J.*, on a plea of guilty to the charge of murder; thereafter, the state entered a nolle prosequi as to the charge of felony murder; subsequently, the court rendered judgment in accordance with the plea; thereafter, the court, *Alexander, J.*, dismissed the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Affirmed.*

*W. Theodore Koch III*, assigned counsel, for the appellant (defendant).

*Melissa E. Patterson*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, *Michele C. Lukban* and *Richard J. Rubino*, senior assistant state's attorneys, and *Dennis J. O'Connor*, former supervisory assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The defendant, Robert Hathaway, appeals from the judgment of the trial court dismissing his motion to correct an illegal sentence. On appeal, the defendant claims that (1) the court erred in dismissing the motion to correct an illegal sentence on the ground that it lacked subject matter jurisdiction, (2) the court erred in dismissing the motion to correct an illegal sentence because the mandatory minimum sentence of twenty-five years of incarceration without the possibility of parole for murder is unconstitutional under article first, §§ 8 and 9, of the state constitution, as applied to juvenile offenders in that it bars courts from sentencing juveniles to less than twenty-five years upon due considerations of the *Miller* factors,[1] and (3) the court committed constitutional error when it accepted the defendant's waiver, through counsel, of his right to a presentence investigation report. We addressed these precise issues in *State* v. *Rivera*, 177 Conn. App.    , A.3d    (2017), also released today, and our resolution of the defendant's appeal is controlled by our decision in that case. We affirm the judgment of the trial court dismissing the motion to correct an illegal sentence.

The following facts and procedural history are relevant to the present appeal. On or about May 23, 2001, the defendant, who was seventeen years old, shot and killed the victim, Fletcher Fitzgerald. Shortly thereafter, the defendant was arrested and charged with murder in violation of General Statutes § 53a-54a (a) and felony murder in violation of General Statutes § 53a-54c. On April 16, 2003, when the defendant was nineteen years old, he pleaded guilty under the *Alford* doctrine[2] to the charge of murder. On June 13, 2003, the state and the defendant waived the presentence investigation report, and, in accordance with the plea agreement, the trial court, *Solomon, J.*, sentenced the defendant to twenty-five years of incarceration on the murder charge, which constituted the statutory mandatory minimum. In addition, as part of the disposition, the state entered a nolle prosequi as to the felony murder count.

On November 28, 2013, the defendant filed a pro se motion to correct an illegal sentence. In that motion, the defendant claimed that the sentence of twenty-five years of incarceration without the possibility of parole for murder imposed upon a juvenile violates the prohibition against cruel and unusual punishments in the eighth amendment of the United States constitution and the due process clauses of article first, §§ 8 and 9, of the state constitution. The court stated in its memorandum of decision: "Specifically, [the defendant] assert[ed] that his sentence, as imposed, violates the principles underpinning *Miller* v. *Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), and *Graham* v. *Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825

(2010), because there is no meaningful opportunity for him to obtain release through parole based on demonstrated maturity and rehabilitation prior to the expiration of his term of incarceration." The court further stated: "On April 1, 2014, the public defender's office filed a motion to correct [an] illegal disposition and a brief in support thereof on behalf of the defendant. The court heard oral argument on the matter on April 2, 2014."

On July 23, 2014, the trial court, *Alexander*, *J.*, issued a memorandum of decision dismissing the defendant's motion to correct an illegal sentence because it lacked subject matter jurisdiction over the motion. This appeal followed.

On appeal, the defendant makes three claims that are identical to those made in *State* v. *Rivera*, supra, 177 Conn. App.      . The only noteworthy difference between the present case and *Rivera* is the fact that, after a parole hearing pursuant to General Statutes § 54-125a (f), the defendant in *Rivera* was granted parole and the defendant here was not.[3] Despite that difference, we emphasize that both defendants were eligible for parole pursuant to § 54-125a (f).[4] Thus, even though the defendant in the present case was not granted parole, with the enactment of § 1 of No. 15-84 of the 2015 Public Acts, now codified at § 54-125a (f), he can no longer claim that he is serving a sentence of life imprisonment, or its functional equivalent, without the possibility for parole. Accordingly, we conclude that the present action is disposed of by our decision in *Rivera*.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The *Miller* factors refer to the sentencing court's obligation to consider a juvenile's age and circumstances related to age at an individualized sentencing hearing as mitigating factors before imposing a sentence of life imprisonment without parole. See *Miller* v. *Alabama*, 567 U.S. 460, 479–80, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[3] "Furthermore, *Montgomery* [v. *Louisiana*,      U.S.      , 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016)] requires that those whose sentences violated *Miller* be given a meaningful opportunity for release; it does not require that all juvenile offenders be released with no further supervision by the criminal justice system. Whether juvenile offenders who are granted release pursuant to § 54-125a (f) return to prison or not is to be determined by their subsequent behavior." (Emphasis omitted.) *State* v. *Williams-Bey*, 167 Conn. App. 744, 780 n.25, 144 A.3d 467 (2016), modified in part on other grounds after reconsideration, 173 Conn. App. 64, 164 A.3d 31, cert. granted on other grounds, 326 Conn. 920,      A.3d      (2017).

[4] As the United States Supreme Court explained in *Montgomery* v. *Louisiana*,      U.S.      , 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016): "Extending parole eligibility to juvenile offenders does not impose an onerous burden on the States, nor does it disturb the finality of state convictions. Those prisoners who have shown an inability to reform will continue to serve life sentences. The opportunity for release will be afforded to those who demonstrate the truth of *Miller*'s central intuition—that children who commit even heinous crimes are capable of change." (Emphasis omitted; internal quotation marks omitted.) *State* v. *Williams-Bey*, 167 Conn. App. 744, 758–59, 144 A.3d 467 (2016), modified in part on other grounds after reconsideration, 173 Conn. App. 64, 164 A.3d 31, cert. granted on other grounds, 326 Conn. 920,

A.3d     (2017).

---