State *v.* Williams-Bey

STATE OF CONNECTICUT *v.* TAUREN
WILLIAMS-BEY
(SC 19954)

Palmer, McDonald, D'Auria, Mullins, Kahn and Ecker, Js.

*Syllabus*

The defendant, who had been convicted, on a plea of guilty, of murder as
an accessory, appealed to the Appellate Court from the judgment of the
trial court dismissing his motion to correct an illegal sentence for lack
of subject matter jurisdiction. The defendant, who had committed the
crime of which he was convicted when he was sixteen years old, was
sentenced to thirty-five years imprisonment without the possibility of
parole. In his motion to correct, the defendant claimed, inter alia, that
he was entitled to be resentenced because his original sentence had
been imposed in violation of the Connecticut constitution insofar as
the sentencing court did not consider his age and the hallmarks of
adolescence as mitigating factors in imposing his sentence, and insofar
as the subsequent enactment of legislation (P.A. 15-84, § 1), which retro-
actively afforded certain juvenile offenders, including the defendant,
parole eligibility, did not remedy that violation. The Appellate Court
rejected the defendant's claim and upheld his sentence, concluding that,
although the trial court had jurisdiction over his claim, any potential
violation was cured by his eligibility for parole under P.A. 15-84. There-
after, while the defendant's petition for certification to appeal from the
Appellate Court's judgment was pending, this court determined in *State*
v. *Delgado* (323 Conn. 801) that, under the federal constitution, resen-
tencing was not required if a juvenile offender became eligible for parole
under P.A. 15-84 and, therefore, that a court lacks jurisdiction to decide
a juvenile offender's motion to correct an illegal sentence that is based
on lack of parole eligibility. In light of *Delgado*, this court declined to
rule on the petition for certification to appeal and remanded the case
to the Appellate Court. The Appellate Court thereafter upheld the dis-
missal of the defendant's motion to correct an illegal sentence, and
the defendant, on the granting of certification, appealed to this court,
claiming that, under the Connecticut constitution, he was entitled to
resentencing even after he became eligible for parole under P.A. 15-84.
*Held* that the resolution of the defendant's appeal was controlled by
this court's decision in *State* v. *McCleese* (333 Conn. 378), in which the
court concluded that the parole eligibility afforded to juvenile offenders
by P.A. 15-84 is an adequate remedy for a sentence of life imprisonment,
or its functional equivalent, without the possibility of parole imposed
on a juvenile without consideration of the juvenile offender's age and
the hallmarks of adolescence, and, because the defendant became eligi-
ble for parole upon the enactment of P.A. 15-84, the state constitution

333 Conn. 468     OCTOBER, 2019     469

State *v.* Williams-Bey

did not require resentencing; accordingly, the Appellate Court's judgment was affirmed.

(*One justice dissenting*)

Argued October 15, 2018—officially released August 23, 2019*

*Procedural History*

Information charging the defendant with the crimes of murder as an accessory and conspiracy to commit murder, brought to the Superior Court in the judicial district of Hartford, where the defendant was presented to the court, *Clifford, J.*, on plea of guilty to the charge of murder as an accessory; thereafter, the state entered a nolle prosequi as to the charge of conspiracy to commit murder; judgment of guilty in accordance with the plea; subsequently, the court, *Alexander, J.*, dismissed the defendant's motion to correct an illegal sentence, and the defendant appealed to the Appellate Court, *Lavine, Beach* and *Alvord, Js.*, which reversed the judgment only as to its form and remanded the case with direction to render judgment denying the motion to correct; thereafter, this court, sua sponte, ordered the Appellate Court to reconsider its decision that the trial court had jurisdiction over the motion to correct; subsequently, the Appellate Court, *Lavine, Alvord* and *Beach, Js.*, affirmed the trial court's dismissal of the defendant's motion to correct an illegal sentence, and the defendant, on the granting of certification, appealed to this court. *Affirmed.*

*Heather Clark*, assigned counsel, for the appellant (defendant).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Vicki Melchiorre*, supervisory assistant state's attorney, for the appellee (state).

---

* August 23, 2019, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

State *v.* Williams-Bey

*George Jepsen*, former attorney general, *Steven R. Strom*, assistant attorney general, and *Leland J. Moore* filed a brief for the Connecticut Board of Pardons and Paroles as amicus curiae.

*S. Max Simmons* and *Marsha L. Levick* filed a brief for the Juvenile Law Center as amicus curiae.

*Michael S. Taylor* and *James P. Sexton* filed a brief for the Connecticut Criminal Defense Lawyers Association as amicus curiae.

*Opinion*

D'AURIA, J. Under the federal constitution's prohibition on cruel and unusual punishments, a juvenile offender cannot serve a sentence of imprisonment for life, or its functional equivalent, without the possibility of parole, unless his age and the hallmarks of adolescence have been considered as mitigating factors. *Miller* v. *Alabama*, 567 U.S. 460, 476–77, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012); *Casiano* v. *Commissioner of Correction*, 317 Conn. 52, 60–61, 115 A.3d 1031 (2015), cert. denied sub nom. *Semple* v. *Casiano*, U.S. , 136 S. Ct. 1364, 194 L. Ed. 2d 376 (2016); *State* v. *Riley*, 315 Conn. 637, 641, 110 A.3d 1205 (2015), cert. denied, U.S. , 136 S. Ct. 1361, 194 L. Ed. 2d 376 (2016). The defendant, Tauren Williams-Bey, is presently serving a sentence of thirty-five years imprisonment, and, pursuant to No. 15-84 of the 2015 Public Acts (P.A. 15-84), codified at General Statutes § 54-125a, has the possibility of parole after twenty-one years in prison. His original sentence of thirty-five years without parole was imposed without consideration of his age or the hallmarks of adolescence. The defendant does not claim that this sentence violates the federal constitution. Rather, he claims that it violates the Connecticut constitution and that he must be resentenced, even after P.A. 15-84 later made him parole eligible. On the basis of our decision in *State* v. *McCleese*, 333 Conn. 378, A.3d (2019), which we also release today, we conclude that the defendant is not entitled to resentencing.

State *v.* Williams-Bey

The following facts and procedural history are relevant to the present appeal. The defendant is currently imprisoned for murder. He was sixteen years old when he and two friends shot and killed the victim. The defendant pleaded guilty to murder as an accessory, in violation of General Statutes (Rev. to 1997) § 53a-54a and General Statutes § 53a-8. The parties waived the presentence investigation report, and the record does not reveal that the court otherwise considered the defendant's age and the hallmarks of adolescence as mitigating factors at sentencing. In accordance with the plea agreement, the court imposed a sentence of thirty-five years imprisonment. At the time of sentencing, the crime of which the defendant was convicted made him ineligible for parole. See General Statutes (Rev. to 1997) § 54-125a (b) (1). If he serves the full term of imprisonment, the defendant will be fifty-two years old when he is released.

"Subsequently, decisions by the United States Supreme Court, decisions by this court, and enactments by our legislature resulted in changes to the sentencing scheme for juvenile offenders. . . . Specifically, the United States Supreme Court . . . held that the eighth amendment's prohibition on cruel and unusual punishments is violated when a juvenile offender serves a mandatory sentence of life imprisonment without the possibility of parole because it renders 'youth (and all that accompanies it) irrelevant to imposition of that harshest prison sentence' and 'poses too great a risk of disproportionate punishment.' *Miller* v. *Alabama,* supra, 567 U.S. 479. Thus, an offender's age and the hallmarks of adolescence must be considered as mitigating factors before a juvenile can serve this particular sentence.[1] This court has interpreted *Miller* to apply

---

[1] We refer to the offender's age and the hallmarks of adolescence as the *Miller* factors throughout this opinion. Specifically, a court must consider " 'immaturity, impetuosity, and failure to appreciate risks and consequences'; the offender's 'family and home environment' and the offender's inability to extricate himself from that environment; 'the circumstances of the homicide

472 OCTOBER, 2019 333 Conn. 468

State *v.* Williams-Bey

not only to mandatory sentences for the literal life of the offender, but also to discretionary sentences and sentences that result in imprisonment for the 'functional equivalent' of an offender's life. *State* v. *Riley,* supra, 315 Conn. 642, 654; see also *Casiano* v. *Commissioner of Correction,* supra, 317 Conn. 72. We also have ruled that *Miller* applies not only prospectively, but retroactively, and also to challenges to sentences on collateral review. *Casiano* v. *Commissioner of Correction,* supra, 71.

"To comport with federal constitutional requirements, the legislature passed [P.A. 15-84].[2] In relevant part, the act retroactively provided parole eligibility to juvenile offenders sentenced to more than ten years in

offense, including the extent of [the offender's] participation in the conduct and the way familial and peer pressures may have affected him'; the offender's 'inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys'; and 'the possibility of rehabilitation . . . .' " *State* v. *Riley,* supra, 315 Conn. 658, quoting *Miller* v. *Alabama,* supra, 567 U.S. 477–78.

[2] Section 1 of P.A. 15-84 provides in relevant part: "(f) (1) . . . [A] person convicted of one or more crimes committed while such person was under eighteen years of age, who is incarcerated on or after October 1, 2015, and who received a definite sentence or total effective sentence of more than ten years for such crime or crimes prior to, on or after October 1, 2015, may be allowed to go at large on parole in the discretion of the panel of the Board of Pardons and Paroles for the institution in which such person is confined, provided (A) if such person is serving a sentence of fifty years or less, such person shall be eligible for parole after serving sixty per cent of the sentence or twelve years, whichever is greater, or (B) if such person is serving a sentence of more than fifty years, such person shall be eligible for parole after serving thirty years. . . .

"(2) The board shall apply the parole eligibility rules of this subsection only with respect to the sentence for a crime or crimes committed while a person was under eighteen years of age. . . .

"(3) Whenever a person becomes eligible for parole release pursuant to this subsection, the board shall hold a hearing to determine such person's suitability for parole release. . . .

"(5) After such hearing, the board shall articulate for the record its decision and the reasons for its decision. If the board determines that continued confinement is necessary, the board may reassess such person's suitability for a new parole hearing at a later date to be determined at the discretion of the board, but not earlier than two years after the date of its decision. . . ."

333 Conn. 468 OCTOBER, 2019 473

State *v.* Williams-Bey

prison. See P.A. 15-84, § 1." (Footnotes in original.) *State* v. *McCleese*, supra, 333 Conn. 382–83. As a result, the defendant is no longer serving a sentence without parole—he will be parole eligible after serving twenty-one years, or when he will be thirty-eight years old.

Following these developments, the defendant filed a motion to correct an illegal sentence, asserting, among other claims, a *Miller* violation.[3] The trial court dismissed the motion for lack of jurisdiction, and the defendant appealed from that decision to the Appellate Court.

The Appellate Court rejected the defendant's claim and upheld his sentence. *State* v. *Williams-Bey*, 167

Section 2 of P.A. 15-84, codified as amended at General Statutes § 54-91g, provides in relevant part: "(a) If the case of a child . . . is transferred to the regular criminal docket of the Superior Court . . . and the child is convicted of a class A or B felony pursuant to such transfer, at the time of sentencing, the court shall:

"(1) Consider, in addition to any other information relevant to sentencing, the defendant's age at the time of the offense, the hallmark features of adolescence, and any scientific and psychological evidence showing the differences between a child's brain development and an adult's brain development; and

"(2) Consider, if the court proposes to sentence the child to a lengthy sentence under which it is likely that the child will die while incarcerated, how the scientific and psychological evidence described in subdivision (1) of this subsection counsels against such a sentence.

"(b) Notwithstanding the provisions of section 54-91a of the general statutes, no presentence investigation or report may be waived with respect to a child convicted of a class A or B felony. . . .

"(d) The Court Support Services Division of the Judicial Branch shall compile reference materials relating to adolescent psychological and brain development to assist courts in sentencing children pursuant to this section."

[3] "A *Miller* claim or *Miller* violation refers to the sentencing court's obligation to consider a juvenile's age and circumstances related to age at an individualized sentencing hearing as mitigating factors before imposing a sentence of life imprisonment [or its equivalent] without parole. See *Miller* v. *Alabama*, supra, 567 U.S. 478–79. A [claim or violation under *Graham* v. *Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010)] refers to the sentencing court's obligation to provide a meaningful opportunity for parole to a juvenile who is sentenced to life imprisonment [or its equivalent, regardless of parole eligibility]." *State* v. *Delgado*, 323 Conn. 801, 806 n.5, 151 A.3d 345 (2016).

State *v.* Williams-Bey

Conn. App. 744, 749, 144 A.3d 467 (2016) (*Williams-Bey I*). It held that the trial court had jurisdiction over the defendant's *Miller* claim but that his parole eligibility under P.A. 15-84, § 1, cured any potential violation. Id., 759, 767–69. The defendant thereafter petitioned this court for certification to appeal.

While the petition was pending, this court held that, under the federal constitution, resentencing was not required to cure a *Miller* violation if the offender became eligible for parole under P.A. 15-84, § 1; parole eligibility negated the violation. *State* v. *Delgado*, 323 Conn. 801, 810–12, 151 A.3d 345 (2016); see id., 811 ("As a result [of P.A. 15-84, § 1], the defendant's sentence no longer falls within the purview of *Miller*, *Riley* and *Casiano*, which require consideration of youth related mitigating factors only if the sentencing court imposes a sentence of life without parole. . . . *Miller* simply does not apply when a juvenile's sentence provides an opportunity for parole." [Citations omitted.]). Therefore, if a juvenile offender is parole eligible, a court lacks jurisdiction to hear a motion to correct an illegal sentence on the basis of an alleged violation of *Miller*. Id., 812.

In accordance with *Delgado*, this court declined to rule on the defendant's petition for certification to appeal at that time and remanded his case to the Appellate Court. The Appellate Court summarily affirmed the dismissal of the defendant's motion to correct an illegal sentence on the alternative ground decided in *Delgado*. *State* v. *Williams-Bey*, 173 Conn. App. 64, 164 A.3d 31 (2017) (*Williams-Bey II*). The defendant then filed a second petition for certification to appeal, this time from the Appellate Court's decision in *Williams-Bey II*.

We granted both of the defendant's petitions at that time, limited to the following state constitutional issues: "1. Under the Connecticut constitution, article first, §§ 8 and 9, are all juveniles entitled to a sentencing proceed-

State *v.* Williams-Bey

ing at which the court expressly considers the youth
related factors required by the United States constitu-
tion for cases involving juveniles who have been sen-
tenced to life imprisonment without the possibility of
release? See *Miller* v. *Alabama*, [supra, 567 U.S. 460].
2. If the answer to the first question is in the affirmative
and a sentencing court does not comply with the sen-
tencing requirements under the Connecticut constitu-
tion, does parole eligibility under . . . § 54-125a (f)
adequately remedy any state constitutional violation?''
*State* v. *Williams-Bey*, 326 Conn. 920, 921, 169 A.3d
793 (2017).

Even if we assume, without deciding, that our answer
to the first certified question in the defendant's appeal
is in the affirmative,[4] and that the defendant was entitled

[4] The dissent also does not address the first certified question but, rather,
argues that the defendant's sentence was unconstitutional because a manda-
tory minimum sentence conflicts with *Miller*'s requirement that juvenile
defendants be provided with ''individualized, fully discretionary sentencing.''
*State* v. *Taylor G.*, 315 Conn. 734, 776, 110 A.3d 338 (2015) (*Eveleigh, J.*,
dissenting). In support of the dissent's argument, the dissent relies on Justice
Eveleigh's dissenting opinion in *Taylor G.* In *Taylor G.*, the majority held
that the defendant's fifteen year mandatory minimum sentence did not
violate *Miller* because not only was the defendant's sentence less than life,
or its equivalent, but also ''the mandatory minimum requirements, while
limiting the trial court's discretion to some degree, still left the court with
broad discretion to fashion an appropriate sentence that accounted for the
defendant's youth and immaturity when he committed the crimes.'' Id., 744.
In his dissent, Justice Eveleigh disagreed and concluded that all mandatory
minimum sentences imposed on any juvenile defendant violate *Miller*
because they inhibit a sentencing judge's discretion and ability to consider
youth as a mitigating factor. Id., 786–88 (*Eveleigh, J.*, dissenting). As a
necessary prerequisite to this conclusion, Justice Eveleigh determined that
*Miller* should extend to all juvenile defendants regardless of the sentence
imposed. Id., 776 (*Eveleigh, J.*, dissenting).

It is unclear whether the dissent in this case is arguing that a mandatory
minimum sentence violates the federal or state constitution. Either way,
this issue is not before this court. The defendant has argued only that,
under the state constitution, the rule in *Miller* should extend to all juvenile
defendants, regardless of the sentence imposed. The defendant cited Justice
Eveleigh's dissent in *Taylor G.* in support of his argument under *State* v.
*Geisler*, 222 Conn. 672, 684–85, 610 A.2d 1225 (1992), that state precedent
supports a broader interpretation of *Miller*, but he never has argued that

State *v.* Williams-Bey

to have a court consider the *Miller* factors, our reasoning in *McCleese* compels us to answer the second question in the affirmative.[5] In *McCleese*, we decided, among other issues, ''whether the parole eligibility afforded by P.A. 15-84 adequately remedies an unconstitutional sentence under the state constitution . . . .'' *State* v. *McCleese*, supra, 333 Conn. 386. After analyzing the relevant factors enumerated in *State* v. *Geisler*, 222 Conn. 672, 684–85, 610 A.2d 1225 (1992), that are to be considered in construing the state constitution and applying the two part framework for adjudicating claims of cruel

his sentence violated *Miller*, under either the federal or state constitution, because it was the product of a mandatory minimum sentencing scheme. Just because the defendant relied on Justice Eveleigh's analysis in *Taylor G.* to support his argument that Connecticut precedent is more liberal than federal precedent concerning the sentencing of juvenile defendants does not mean that the defendant raised the claim that was at issue in *Taylor G.*

Additionally, whether the rule in *Miller* applies to all juvenile defendants is an issue separate and distinct from whether mandatory minimum sentencing violates *Miller*. Although concluding that *Miller* applies to all juvenile defendants is a prerequisite to concluding that all mandatory minimum sentences imposed on any juvenile defendant violate *Miller*, the first conclusion does not necessarily require the second conclusion. Thus, we disagree with the dissent that the constitutionality of mandatory minimum sentences is intertwined with the legal arguments raised by the defendant. The dissent is of course free to address any issue it would like to address. That does not mean that the parties have addressed it, the trial court or Appellate Court have decided it, or this court has certified it. Accordingly, we do not address or opine on this unraised issue relied on by the dissent, especially as doing so would require this court to reexamine recent precedent that the defendant has not challenged and the state has not had the opportunity to defend, thereby depriving this court of any guidance on this issue. E.g., *State* v. *Connor*, 321 Conn. 350, 362, 138 A.3d 265 (2016) (''appellate courts generally do not consider issues that were not raised by the parties''); see also *New England Estates, LLC* v. *Branford*, 294 Conn. 817, 836 n.20, 988 A.2d 229 (2010) (declining to overrule precedent when not argued by parties); *Sepega* v. *DeLaura*, 326 Conn. 788, 799 n.5, 167 A.3d 916 (2017) (requiring ''special justification'' to depart from stare decisis).

[5] For the same reasons that the majority in *McCleese* rejected the dissent's argument that parole eligibility under P.A. 15-84 is not a sufficient remedy for a *Miller* violation, we likewise reject the dissent's argument in the present case that resentencing is the only appropriate remedy for a *Miller* violation. See *State* v. *McCleese*, supra, 333 Conn. 432–33 (*Ecker, J.*, dissenting).

State *v.* Williams-Bey

and unusual punishment, we stated that neither contemporary standards of decency nor our independent judgment compelled us to adopt a rule under the state constitution that would require resentencing to remedy a *Miller* violation. *State* v. *McCleese*, supra, 407–408. Instead, consistent with *Delgado* and the federal constitution, we concluded that "parole eligibility afforded by P.A. 15-84, § 1, is an adequate remedy for a *Miller* violation under the Connecticut constitution." Id., 409.

Because the defendant is now eligible for parole under P.A. 15-84, § 1, the state constitution does not require a resentencing.

The judgment of the Appellate Court is affirmed.

In this opinion PALMER, McDONALD, MULLINS and KAHN, Js., concurred.

ECKER, J., dissenting. I respectfully dissent. I would hold that the mandatory minimum sentence imposed on the defendant, Tauren Williams-Bey, in accordance with General Statutes § 53a-54a is unconstitutional as applied to a juvenile offender.[1] My reasons are substantially the same as those set forth at length in Justice Eveleigh's dissenting opinion in *State* v. *Taylor G.*, 315 Conn. 734, 796–97, 110 A.3d 338 (2015)[2] (expressing

---

[1] The defendant was sixteen years old when he committed the crimes that serve as the basis for his conviction.

[2] I disagree with the majority opinion that the applicability of the *Miller* rule to mandatory minimum sentences was not briefed by the defendant in a manner sufficient to allow us to reach the issue. In his principal brief, the defendant claimed that his sentence "violated the prohibition on cruel and unusual punishment" because the *Miller* rule applies to all juvenile offenders, regardless of the length of the sentence imposed. In support of his argument, the defendant quotes Justice Eveleigh's dissenting opinion at length, devoting two pages to a thorough discussion of the dissent and Justice Eveleigh's conclusion that "neither the crime nor its mandatory minimum punishment should be a factor in a sentencing court's ability to comply with the eighth amendment . . . and, therefore, a sentencing court possesses discretion to fashion a constitutionally permissible sentence, even if that sentence departs downward from a mandatory minimum sentence." *State* v. *Taylor G.*, supra, 315 Conn. 776. The constitutionality under federal law of mandatory mini-

State *v.* Williams-Bey

view that mandatory minimum sentences cannot be applied to juvenile offenders under reasoning of *Miller* v. *Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 [2012]), and the decision of the Iowa Supreme Court in *State* v. *Lyle*, 854 N.W.2d 378, 380 (Iowa 2014) (relying on state constitution to hold that mandatory minimum sentences cannot be applied to juvenile offenders).[3] Therefore, I would reverse the defendant's conviction and remand this case to the Appellate Court.[4]

No useful purpose is served by restating at length what already has been said in Justice Eveleigh's dissenting opinion in *Taylor G.* In light of the fundamental principles animating *Miller* and our own decisions in *State* v. *Riley*, 315 Conn. 637, 110 A.3d 1205 (2015), cert. denied, 　U.S. 　, 136 S. Ct. 1361, 194 L. Ed. 2d 376 (2016), and *Casiano* v. *Commissioner of Correction*,

---

mum sentences as applied to juvenile offenders is intertwined with the legal arguments at issue in the present appeal and, in my view, is appropriate for appellate review. Cf. *Michael T.* v. *Commissioner of Correction*, 319 Conn. 623, 635 n.7, 126 A.3d 558 (2015) (distinguishing between "claim[s]" and "argument[s]" and noting that appellate courts may review "legal arguments that . . . are subsumed within or intertwined with arguments related to the legal claim" [internal quotation marks omitted]).

[3] I recognize that the cited cases all involve direct appeals from judgments of conviction, whereas the present appeal is taken from the trial court's denial of a motion to correct an illegal sentence. I rely on the reasoning contained in these cases relating to the merits of the constitutional claim, i.e., whether the constitution is violated by the application of mandatory minimum sentences without any ability for the sentencing court to consider the hallmarks of youth in mitigation under *Miller*. That substantive analysis applies in the context of a postconviction appeal, in my view, for the reasons explained in my dissenting opinion in *State* v. *McCleese*, 333 Conn. 378, 429, 　A.3d　(2019).

[4] I would remand this case to the Appellate Court with instruction to address the state's remaining claim that the defendant waived his right to the relief being sought because his sentence was imposed pursuant to a plea agreement. See, e.g., *State* v. *Coleman*, 241 Conn. 784, 792, 699 A.2d 91 (1997) (reversing judgment of Appellate Court and remanding for consideration of remaining claims). The waiver issue was fully briefed in the Appellate Court but was not decided due to that court's disposition of the appeal in favor of the state on the merits.

State *v.* Williams-Bey

317 Conn. 52, 115 A.3d 1031 (2015), cert. denied sub nom. *Semple* v. *Casiano*, U.S. , 136 S. Ct. 1364, 194 L. Ed. 2d 376 (2016), I am of the view that mandatory minimum sentences designed for adult offenders cannot constitutionally be applied to juvenile offenders tried as adults without providing an individualized sentencing proceeding in which the sentencing judge *must* consider the mitigating effects of youth and its associated features. "[C]hildren are constitutionally different from adults for sentencing purposes," and these biological and psychological differences strike at "[t]he heart" of the rationale underlying the "penological justifications" for sentencing. (Internal quotation marks omitted.) *Miller* v. *Alabama*, supra, 567 U.S. 471–72. These differences do not change depending on the length of the sentence imposed, and, accordingly, the attendant constitutional safeguards should not change either. We have deemed the "individualized sentencing prescribed by *Miller*" to be "central to an accurate determination that the sentence imposed is a proportionate one" and "implicit in the concept of ordered liberty . . . ." (Internal quotation marks omitted.) *Casiano* v. *Commissioner of Correction*, supra, 317 Conn. 69–70. Rightfully so.

For the reasons explained in my dissenting opinion in *State* v. *McCleese*, 333 Conn. 378, 429, A.3d (2019), I also believe that the availability of parole eligibility under § 1 of No. 15-84 of the 2015 Public Acts, codified at General Statutes § 54-125a, is not a substitute for a *Miller*-compliant sentencing hearing and that the defendant is entitled to retroactive relief in the form of a *Miller*-compliant resentencing hearing under these circumstances.

I therefore dissent.