******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

# HECTOR COLON *v.* COMMISSIONER OF CORRECTION
## (AC 38688)

DiPentima, C. J., and Elgo and Kahn, Js.

*Syllabus*

The petitioner, who had been convicted of various crimes in connection with two guilty pleas that he had entered in different cases, sought a writ of habeas corpus, claiming that his trial counsel had rendered ineffective assistance by failing to adequately explain the state's plea offer to him. The petitioner further claimed that his trial counsel rendered ineffective assistance by failing to prepare him for and to attend a meeting with law enforcement authorities, prior to sentencing on his first guilty plea, for the purpose of the petitioner's providing information to the state in the hope of reducing his sentence. The petitioner received a total effective sentence of twenty-seven and one-half years incarceration on both guilty pleas. The habeas court rendered judgment denying the petition, concluding that the petitioner had failed to establish that his trial counsel's performance was deficient and that he was prejudiced by counsel's allegedly deficient performance. The habeas court thereafter denied the petition for certification to appeal, and the petitioner appealed to this court. *Held* that the habeas court did not abuse its discretion in denying the petition for certification to appeal, the petitioner having failed to demonstrate a reasonable probability that but for his trial counsel's representation, he would have changed his guilty pleas: the record demonstrated that the state had a strong case in both cases against the petitioner, who faced a total exposure of 210 years incarceration on the charges in both cases had he gone to trial, the petitioner stated during his plea canvasses that he understood the mandatory minimum and maximum sentences for each charge, and that he agreed to the sentence of twenty-five to thirty years incarceration, he did not demonstrate that he was prejudiced by his trial counsel's failure to oversee his cooperation with law enforcement, and the petitioner's bare allegation that he would have pleaded differently had he received effective representation was insufficient to establish that he was prejudiced.

Argued September 13—officially released December 26, 2017

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Fuger, J.*; thereafter, the court dismissed the petition in part; judgment denying the petition; subsequently, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Peter G. Billings*, assigned counsel, for the appellant (petitioner).

*Nancy L. Chupak*, senior assistant state's attorney, with whom, on the brief, was *Jo Anne Sulik*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

KAHN, J. The petitioner, Hector Colon, appeals following the denial of his petition for certification to appeal from the habeas court's judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly denied his petition for certification to appeal after erroneously concluding that his criminal trial counsel, Nicholas Cardwell, had not provided ineffective assistance.[1] We conclude that the court did not abuse its discretion in denying the petition for certification to appeal, and, accordingly, we dismiss the appeal.

The following facts, as found by the habeas court and reflected by the record, and procedural history are relevant to this appeal. On October 27, 2008, while represented by Cardwell, the petitioner pleaded guilty to charges contained in four files in the judicial district of Hartford (Hartford cases). Specifically, the petitioner pleaded guilty to two counts of burglary in the first degree in violation of General Statutes § 53a-101 (a) (1), two counts of conspiracy to commit burglary in the first degree in violation of General Statutes §§ 53a-48 and 53a-101 (a) (1), two counts of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2), one count of forgery in the first degree in violation of General Statutes § 53a-138, and one count of the sale of certain illegal drugs in violation of General Statutes § 21a-278 (b). If convicted of all of the original charges, the petitioner would have faced a total exposure of 150 years in prison. Pursuant to the plea agreement, the petitioner would receive a sentence of up to thirty years incarceration but reserve the right to argue for a reduced sentence of not less than twenty-five years.[2] Prior to entering into that plea, the petitioner had contacted and met with the police, outside the presence of Cardwell, to provide them with information relating to various criminal activities, in the hope of further reducing his sentence. After entering his plea but before sentencing, the petitioner discharged Cardwell as his attorney. Attorney Aaron Romano then entered an appearance on behalf of the petitioner to help him "get a better result than what he anticipated getting with Attorney Cardwell."

On June 9, 2009, while represented by Romano, the petitioner pleaded guilty to additional charges, brought in the judicial district of Middlesex, of robbery in the first degree in violation of § 53a-134 (a) (2), burglary in the first degree in violation of § 53a-101 (a) (1), and kidnapping in the second degree with a firearm in violation of General Statutes §§ 53a-94a (a) and 53a-8 (Middletown case). The petitioner faced a maximum sentence of sixty years in prison for those charges. After accepting the petitioner's pleas, the court transferred the case to Hartford for sentencing, with the understanding that he would receive a sentence of

between twenty-five and thirty years, to be served concurrently with the sentence imposed in the Hartford cases. The court in Hartford thereafter imposed a total effective sentence of twenty-seven and one-half years in prison for the pleas entered in the Hartford and Middletown cases.

Approximately six years later, the petitioner filed a second amended petition for a writ of habeas corpus. That petition alleged in relevant part that Cardwell had provided ineffective assistance of counsel by failing (1) to adequately explain the state's plea offer to him; and (2) to "prepare the petitioner for [and attend] a meeting with law enforcement authorities, which was arranged . . . for the purpose of [providing] information [to the state] . . . thereby denying the petitioner the opportunity to negotiate a more favorable sentencing scheme."[3]

Following a trial, the habeas court denied the petition. In its memorandum of decision, the court found that the petitioner failed to meet "his burden of showing [by] a preponderance of the evidence that there was any deficient performance on the part of Attorney Cardwell." The court acknowledged that the petitioner had agreed to serve a lengthy sentence but noted that his "conduct was such that he was exposed to a significantly longer sentence had the cases all proceeded to trial and had he been found guilty." The court added that "[a]lthough the petitioner attempted to trade his knowledge of crimes that had been committed by other individuals in exchange for a sentence modification, it appears that that information was not deemed to be valuable nor necessary by the prosecuting authorities." Thus, the court concluded that, even if his counsel had performed deficiently, the petitioner failed to demonstrate that he was prejudiced by his attorneys' conduct. On November 10, 2015, the petitioner filed a petition for certification to appeal, which the court denied. This appeal followed. Additional facts and procedural history will be set forth as necessary.

On appeal, the petitioner claims that the court abused its discretion in denying his petition for certification to appeal from the judgment denying his habeas corpus petition. He argues that the court erred in concluding that Cardwell had not provided ineffective assistance despite failing to adequately explain the state's plea offer and to oversee "the petitioner's cooperation with law enforcement . . . ." We disagree.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . .

Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Sotomayor* v. *Commissioner of Correction*, 135 Conn. App. 15, 20–21, 41 A.3d 333, cert. denied, 305 Conn. 903, 43 A.3d 661 (2012).

"[T]he governing legal principles in cases involving claims of ineffective assistance of counsel arising in connection with guilty pleas are set forth in *Strickland* [v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] and *Hill* [v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)]. [According to] *Strickland*, [an ineffective assistance of counsel] claim must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . Under . . . *Hill* . . . which . . . modified the prejudice prong of the *Strickland* test for claims of ineffective assistance when the conviction resulted from a guilty plea, the evidence must demonstrate that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial. . . . In its analysis, a reviewing court may look to the performance prong or to the prejudice prong, and the petitioner's failure to prove either is fatal to a habeas petition." (Emphasis in original; internal quotation marks omitted.) *Gudino* v. *Commissioner of Correction*, 123 Conn. App. 719, 723–24, 3 A.3d 134 (2010).

We need not examine Cardwell's representation under the performance prong because the petitioner has failed to demonstrate a reasonable probability that, but for Cardwell's representation, he would have changed his pleas. See, e.g., *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 832–33, 950 A.2d 1220 (2008) ("[i]t is well settled that [a] reviewing court can find against a petitioner on *either* ground, whichever is easier" [emphasis in original; internal quotation marks omitted]). With respect to the prejudice prong, a petitioner "must make more than a bare allegation that he would have pleaded differently and gone to trial . . . ." (Internal quotation marks omitted.) *Carraway* v. *Commissioner of Correction*, 144 Conn. App. 461, 473, 72 A.3d 426 (2013), appeal dismissed, 317 Conn. 594, 119 A.3d 1153 (2015).

"Additionally, a petitioner's assertion after he has

accepted a plea that he would have insisted on going to trial suffers from obvious credibility problems and must be evaluated in light of the circumstances [he] would have faced at the time of his decision. . . . In evaluating the credibility of such an assertion, the strength of the state's case is often the best evidence of whether a defendant in fact would have changed his plea and insisted on going to trial, in light of newly discovered evidence or a defense strategy that was not previously contemplated. . . . Likewise, the credibility of the petitioner's after the fact insistence that he would have gone to trial should be assessed in light of the likely risks that pursuing that course would have entailed." (Citations omitted; internal quotation marks omitted.) Id., 475–76.

Here, the petitioner alleges that but for "Cardwell's failure to fully explain the [plea] offer to [him], the petitioner would not have accepted the plea bargain." The following additional facts are relevant to this claim. At the petitioner's habeas trial, the petitioner introduced into evidence a handwritten note with numbers written at the bottom. Cardwell testified that he had written the note to his associate, Attorney Matthew Costello, and that Costello was to meet with the petitioner and go over the note's listed items but that the numbers at the bottom of the note were not there when Cardwell gave the note to Costello. Costello testified that he believed that he had written the numbers and that to the best of his recollection, they may have represented "how many years possibly [the petitioner would] get if he cooperated subsequent to entering his plea." The petitioner testified that this note and the accompanying conversation with Costello had led him to believe that accepting the plea agreement would result in a sentence of twenty-five to thirty years, with the right to argue for less than twenty-five years. He allegedly had not understood that accepting the plea agreement meant that he would serve twenty-five years in prison at a minimum. Instead, he had expected a sentence of eighteen years, of which he would serve fourteen years in prison. According to the petitioner's brief to this court, "but for the petitioner's understanding that he would be sentenced to eighteen years and release[d] after fourteen years, he would not have accepted the proposed plea." This bare allegation, however, is insufficient to demonstrate that Cardwell's representation prejudiced the petitioner, particularly when evaluated in light of the circumstances of this case.

The record demonstrates that the state had a strong case against the petitioner in each of the Hartford cases as well as in the Middletown case. The charges brought against him in two of the four Hartford cases stemmed from two home invasions; the charges brought in the other two cases stemmed from the petitioner's possession of "numerous items associated with forged currency . . . [and] with the packaging and sale of

narcotics." Police searches of the petitioner's premises revealed these items in addition to a television that had been stolen from one of the burglarized houses. As the prosecutor indicated during the petitioner's plea hearing, the petitioner had admitted his involvement in the two home invasions and in forging "approximately fifteen thousand dollars a week." Similarly, regarding the Middletown case, the police searched the petitioner's house and found a ring that had been stolen from the burglarized house. When the police interviewed the petitioner, he admitted his involvement in several home invasions. He stated that he had visited the house that had been burglarized in this case but denied taking part in the crime itself. Nevertheless, two of the men who admitted their involvement in the incident identified the petitioner as also having taken part in the crime.

As the habeas court noted in its memorandum of decision, in light of the evidence against the petitioner and the risks he would have faced had he insisted on going to trial, his "decision to enter into a plea agreement with the state was prudent. . . . Had there been trials on all of the charges, it is likely that, in the event of conviction, the petitioner would never have left the custody of the [respondent, the] Commissioner of Correction." Had the petitioner gone to trial instead of pleading guilty, he would have faced a total exposure of 150 years in prison on the charges brought in the Hartford cases and sixty years in prison on the charges brought in the Middletown case. Instead, by accepting the state's plea offer, he faced a maximum of thirty years in prison, with his attorney retaining the right to argue for as little as twenty-five years.

Additionally, prior to accepting the petitioner's pleas in the Hartford and Middletown cases, the judge presiding over each case conducted a plea canvass. Each judge recited the elements of each offense charged and the mandatory minimum and maximum sentences for each charge, which the petitioner said he understood. At the plea hearing in the Hartford cases, the court explained to the petitioner that "the agreement that is proposed here calls for you to receive a total sentence of thirty years in prison, with your lawyer reserving the right to argue that the sentence should be less than that but the understanding being that under no circumstances can the total effective sentence be less than twenty-five years. So, the sentence will be between twenty-five and thirty years in prison as a total effective sentence to be reached or arrived at in whatever way the court deems appropriate." When asked whether he had agreed to this arrangement, the petitioner responded, "[y]es." Similarly, during the plea canvass in the Middletown case, the court asked whether the petitioner understood that the sentence would run concurrently with the sentence imposed in the Hartford cases, which would be "between twenty-five to thirty years," and the petitioner stated that he understood

that. Thus, any argument that he would have pleaded not guilty and insisted on going to trial had he understood the plea agreement is unavailing.

Similarly, the petitioner has not demonstrated that he was prejudiced by Cardwell's failure to oversee the petitioner's cooperation with law enforcement. As the respondent argues in his brief to this court, the habeas court's determination that Cardwell's representation did not prejudice the petitioner "applies with equal force" to this aspect of Cardwell's representation. The strength of the state's case, the likely risks of going to trial, and the petitioner's responses during the plea canvass demonstrate that Cardwell's representation during the petitioner's cooperation with law enforcement did not prejudice the petitioner. The petitioner's bare allegation that he would have pleaded differently had he received effective representation is insufficient to satisfy the prejudice prong.

The petitioner has not demonstrated that the issues that he raised on appeal are debatable among jurists of reason, that the court could resolve the issues in a different manner, or that the questions raised deserve encouragement to proceed further. We conclude, therefore, that the habeas court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The court also concluded that Aaron Romano, who served as the petitioner's criminal trial counsel at a later stage of the criminal proceedings, had not provided ineffective assistance because the petitioner's plea of guilty to kidnapping was not improvident under the holding of *State* v. *Salamon*, 287 Conn. 509, 949 A.2d 1092 (2008). On appeal, the petitioner does not challenge that determination.

[2] The agreement also provided that if the petitioner chose to plead guilty to charges brought in a case separately pending in the judicial district of Danbury, any sentence imposed there would not increase the sentence imposed in the Hartford cases.

[3] The petitioner also alleged that Romano had provided ineffective assistance of counsel by failing "to move to withdraw the petitioner's plea to the charge of kidnapping in the second degree with a firearm in violation of [General Statutes §] 53a-94a despite the fact that the acts which gave rise to the kidnapping charge were 'merely incidental' to the other crimes with which the petitioner had been charged." See *State* v. *Salamon*, 287 Conn. 509, 542, 949 A.2d 1092 (2008). The court found that "the recitation of facts by the state's attorney during the guilty plea canvass" demonstrated that the petitioner "clearly committed the independent crime of kidnapping" and that therefore "[a]ny argument under *Salamon* is . . . baseless and unavailing."