******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# THOMAS ROGERS *v.* COMMISSIONER
## OF CORRECTION
### (AC 41974)

Lavine, Prescott and Bear, Js.

*Syllabus*

The petitioner, who had been convicted of the crimes of murder, conspiracy
to commit murder, attempt to commit murder, criminal possession of
a firearm and illegal possession of a weapon in a motor vehicle in
connection with the shooting death of the victim, sought a writ of habeas
corpus, claiming that his trial counsel and his prior habeas counsel had
provided ineffective assistance. Following the shooting, M overheard a
conversation between the petitioner and two men regarding certain
details of the shooting. Prior to the petitioner's criminal trial, trial counsel
advised the petitioner that any testimony from M with respect to that
conversation would not be admitted into evidence because it constituted
hearsay. Thereafter, the petitioner rejected the state's plea offer of a
sentence of thirty-five years of imprisonment and, instead, requested a
twenty year sentence. During the criminal trial, the trial court admitted
M's testimony pertaining to the postshooting conversation as an adoptive
admission. Following the trial, the jury found the petitioner guilty of all
the charges against him, and he was sentenced to a total effective term
of sixty years of imprisonment. In his amended habeas petition, the
petitioner claimed that his trial counsel had provided ineffective assis-
tance by providing him with inaccurate legal advice as to the admissibil-
ity of M's testimony concerning the postshooting conversation and that,
but for that deficient legal advice, he would have accepted the thirty-
five year plea deal rather than proceeding to trial. The petitioner also
claimed that his prior habeas counsel had provided ineffective assistance
by failing to raise that claim in his first habeas petition. The habeas
court rendered judgment denying the habeas petition, concluding, inter
alia, that the petitioner failed to meet his burden of demonstrating that
it was reasonably probable that, in the absence of his trial counsel's
alleged deficient advice, he would have accepted the thirty-five year
plea deal, and, therefore, he failed to establish prejudice. In reaching
its decision, the court discredited the petitioner's testimony that he
would have accepted the plea offer had he received accurate legal advice
from trial counsel, specifically stating that although the petitioner was
sincere, his testimony on that issue was unreliable. Thereafter, on the
granting of certification, the petitioner appealed to this court. *Held*
that the habeas court properly denied the petitioner's amended habeas
petition, that court having correctly concluded that the petitioner failed
to sustain his burden of proving that he was prejudiced by his trial
counsel's alleged deficient performance: contrary to the petitioner's
claim that the habeas court's finding that he would have rejected the
thirty-five year plea deal even if he had received accurate advice from
trial counsel concerning the admissibility of M's testimony was clearly
erroneous because it was undermined by the court's statement regarding
his sincerity, the court plainly distinguished the petitioner's sincerity
from the unreliability of his testimony regarding whether he would
have accepted the thirty-five year plea deal, finding that although the
petitioner, in hindsight, sincerely believed that he would have accepted
the plea deal after having been convicted and sentenced to sixty years
of imprisonment, his testimony was unreliable as to whether he would
have accepted it at the time it was offered to him; moreover, the habeas
court's finding that the petitioner would have rejected the plea deal
even if he had received accurate advice from trial counsel was supported
by other evidence in the record that tended to demonstrate that the
petitioner would not have accepted a plea deal of more than twenty
years, and because the habeas court properly concluded that the peti-
tioner failed to meet his burden of demonstrating that it was reasonably
probable that he would have accepted the plea but for trial counsel's
alleged deficient performance, this court declined to address the peti-
tioner's claim that his prior habeas counsel had rendered ineffective

assistance, as that claim failed as a matter of law.

Argued September 5—officially released November 12, 2019

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Sferrazza, J.*; judgment denying the petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Norman A. Pattis*, with whom, on the brief, was *Kevin Smith*, for the appellant (petitioner).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *Patrick Griffin*, state's attorney, and *Rebecca Barry*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

PRESCOTT, J. In this "habeas on a habeas,"[1] the petitioner, Thomas Rogers, appeals from the habeas court's judgment denying his amended petition for a writ of habeas corpus.[2] On appeal, the petitioner claims that the habeas court improperly rejected his claim that his trial counsel, Paul Carty, provided him with ineffective assistance with respect to whether he should have accepted a plea offer. The petitioner asserts that, but for the deficient legal advice he received from his trial counsel, he would have accepted a thirty-five year plea deal. The petitioner also claims that the habeas court improperly rejected his claim that his prior habeas counsel, Frank P. Cannatelli, provided ineffective assistance by failing to raise this claim in his first habeas petition. Having reviewed the record, we conclude that the habeas court properly denied the amended petition for a writ of habeas corpus, and, accordingly, we affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our disposition of the petitioner's claim. The petitioner participated in a shooting that occurred on November 20, 1994, that resulted in the death of one of the victims. *State* v. *Rogers*, 50 Conn. App. 467, 469, 718 A.2d 985, cert. denied, 247 Conn. 942, 723 A.2d 319 (1998). After the shooting, the petitioner, along with Isaac Council and Larry McCowen, returned to the apartment of the petitioner's girlfriend and had a conversation in the living room. Id., 471, 480–81. Council's girlfriend, Safira McLeod, overheard the postshooting conversation between the petitioner, Council, and McCowen. Id., 480–81. From the kitchen, which is where she was during the conversation, McLeod was unable to hear everything they were discussing. Id., 481. She did, however, hear them discuss a shooting, people running, and someone being hit. Id. During the conversation, the petitioner, Council, and McCowen were laughing. Id. McLeod heard the petitioner's voice, but she was unable to attribute anything said during the conversation to any one of its participants. Id. Furthermore, McLeod neither heard the petitioner deny participation in the shooting nor dispute what Council and McCowen were saying. Id. The petitioner subsequently was charged with murder, conspiracy to commit murder, attempt to commit murder, criminal possession of a firearm, and illegal possession of a weapon in a motor vehicle.

The petitioner alleges that his trial counsel assured him that McLeod's testimony pertaining to the postshooting conversation would not be admitted into evidence because it constituted hearsay. He further alleges that trial counsel did not explain to him that the testimony could be admitted as an adoptive admission.[3]

The petitioner, however, also was aware of other

parts of McLeod's potential testimony that were damaging to his defense and that *were not* within the scope of his trial counsel's alleged deficient advice regarding the testimony's admissibility. The habeas court stated that, aside from McLeod's recollection of the postshooting conversation, McLeod's testimony included "evidence that the petitioner left with Council and McCowen, dressed as the shooters were attired, in a vehicle that matched that of the shooters at the time of the shooting, returned as a group, concealed the vehicle behind a house and that vehicle contained a spent shell casing . . . ."

Armed with this knowledge and advice from his trial counsel, the petitioner did not accept an offer to plead guilty in exchange for a thirty-five year sentence and, instead, requested a disposition in which he would receive a sentence of twenty years.

Contrary to his trial counsel's prediction, the trial court admitted McLeod's testimony pertaining to the postshooting conversation as an adoptive admission.[4] At the conclusion of the jury trial, the petitioner was convicted of all the crimes with which he was charged. Id., 468. He received a total effective sentence of sixty years of incarceration.

On August 31, 2016, the petitioner filed an amended petition for a writ of habeas corpus. The matter subsequently was tried before the habeas court, which issued a written memorandum of decision on July 23, 2018, denying the petition. In that memorandum of decision, the habeas court stated that the petitioner abandoned all claims for relief in his amended petition except for those enumerated in the ninth and tenth counts.[5] With respect to those counts, the habeas court stated: "[T]he petitioner asserts that . . . Cannatelli provided ineffective assistance by failing to raise claims in the earlier habeas case that trial counsel . . . rendered ineffective assistance by inadequately or incorrectly advising the petitioner, when the petitioner was considering a plea offer of thirty-five years, concerning the doctrine of an adoptive admission [and its applicability to McLeod's testimony pertaining to the postshooting conversation] and that the petitioner could be convicted as an accessory to murder if he was not in the vehicle from which the gunfire emanated and caused the death of the victim. [The petitioner] further asserts that, had he received accurate legal advice from [trial counsel] on these points, he would have accepted the plea disposition rather than have proceeded to trial."

Without explicitly resolving the petitioner's allegations of deficient performance, the habeas court concluded that "the petitioner . . . failed to meet his burden of demonstrating that a reasonable likelihood exists that, but for [trial counsel's] misadvice regarding the inadmissibility of a portion of McLeod's testimony, he would have accepted the thirty-five year proposed dis-

position," and, therefore, it denied the petition for habeas corpus relief. This appeal followed.

On appeal, the petitioner claims that the habeas court incorrectly found that, even if he had received accurate advice from his trial counsel concerning the admissibility of McLeod's testimony about the postshooting conversation, he, nevertheless, would have rejected the plea agreement. We disagree with the petitioner.

We first set forth the well established legal principles governing claims of ineffective assistance of counsel. To succeed on a claim of ineffective assistance of counsel, a petitioner must show that his counsel performed deficiently and that his counsel's deficient performance prejudiced his defense. *Strickland* v. *Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Lozada* v. *Warden*, 223 Conn. 834, 842–43, 613 A.2d 818 (1992).

In those cases in which a judgment of conviction was rendered following the rejection of a plea offer, "to establish prejudice, a petitioner need establish only that (1) it is reasonably probable that, if not for counsel's deficient performance, the petitioner would have accepted the plea offer, and (2) the trial judge would have conditionally accepted the plea agreement if it had been presented to the court." *Ebron* v. *Commissioner of Correction*, 307 Conn. 342, 357, 53 A.3d 983 (2012), cert. denied sub nom. *Arnone* v. *Ebron*, 569 U.S. 913, 133 S. Ct. 1726, 185 L. Ed. 2d 802 (2013); cf. *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (holding that, in cases in which petitioner alleges that he would have rejected plea deal and gone to trial but for counsel's deficient advice, "the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").[6] "In a habeas corpus proceeding, the petitioner's burden of proving that a fundamental unfairness had been done is not met by speculation . . . but by demonstrable realities." (Internal quotation marks omitted.) *Sanders* v. *Commissioner of Correction*, 169 Conn. App. 813, 834, 153 A.3d 8 (2016), cert. denied, 325 Conn. 904, 156 A.3d 536 (2017).

"The habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed [on appeal] unless they are clearly erroneous. . . . Thus, the [habeas] court's factual findings are entitled to great weight. . . . Furthermore, a finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citation omitted; internal quotation marks omitted.) *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 741–42, 937 A.2d 656 (2007). "The application of the habeas court's

factual findings to the pertinent legal standard, however, presents a mixed question of law and fact, which is subject to plenary review." (Internal quotation marks omitted.) *Gaines* v. *Commissioner of Correction*, 306 Conn. 664, 677, 51 A.3d 948 (2012).[7]

To demonstrate prejudice resulting from his trial counsel's alleged deficient performance, the petitioner had the burden of demonstrating by a preponderance of the evidence that it was reasonably probable that, but for the deficient advice he received from his trial counsel, he would have accepted the thirty-five year plea deal. See *Sanders* v. *Commissioner of Correction*, supra, 169 Conn. App. 820, 836–38 (affirming denial of petition for certification to appeal habeas court's judgment after habeas court "concluded that the petitioner had not met his burden of proving by a preponderance of the evidence that it [was] reasonably probable that a court would have accepted the state's eight year plea offer" [internal quotation marks omitted]); see also *Lewis* v. *Commissioner of Correction*, 165 Conn. App. 441, 454, 139 A.3d 759 (determining that "[i]t was the petitioner's burden to establish not only that he may have secured a more favorable deal absent [his trial counsel's] deficient performance, but that he would have taken the deal if it had been offered"), cert. denied, 322 Conn. 901, 138 A.3d 931 (2016).

In the present case, the petitioner testified at the habeas trial that, if he had received accurate advice about the admissibility and effect of McLeod's testimony, then he would have "strongly consider[ed] the [plea] offer." Later in his testimony he stated that he would have accepted it. The habeas court, however, discredited the petitioner's testimony, determining that "[a]lthough the court finds the petitioner sincere, his testimony on this point was unreliable." The court stated further that "[i]t is difficult to believe that the inclusion of McLeod's recounting of comments from unspecified members of the trio would have so altered the petitioner's position so as to accept a sentence fifteen years beyond that which he considered acceptable." Given the habeas court's discrediting of the petitioner's testimony, it found that the petitioner had "failed to meet his burden of demonstrating that a reasonable likelihood exists that, but for [trial counsel's] misadvice regarding the inadmissibility of a portion of McLeod's testimony, he would have accepted the thirty-five year proposed disposition."

On appeal, this court "does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks

omitted.) *Orcutt* v. *Commissioner of Correction*, supra, 284 Conn. 741.

The petitioner nevertheless argues that the habeas court's finding that he would have rejected the plea deal even if his trial counsel had not performed deficiently is clearly erroneous. The petitioner's chief support for this claim is the habeas court's finding that the petitioner was "sincere . . . [but] unreliable" on whether he would have accepted the plea deal but for his trial counsel's deficient performance. The petitioner asserts that "[t]his finding has no support in the record, and what support was cited by the habeas court was clearly erroneous." In effect, the petitioner interprets the court's finding to mean—paradoxically—that although the court found the petitioner to be "sincere" as to whether he would have accepted the thirty-five year deal, he, nevertheless, would have rejected the plea even if his trial counsel had provided him with accurate advice. We do not agree with the petitioner that the habeas court's statement regarding the sincerity of the petitioner's belief undermines its factual finding that the petitioner would not have accepted the plea offer.

Specifically, the habeas court's memorandum of decision, considered in its totality, plainly distinguishes the petitioner's sincerity from the unreliability of his testimony regarding whether he would have accepted the thirty-five year plea offer. Elaborating on the credibility of the petitioner's testimony, the habeas court found that "[t]he petitioner's present sentiment about what he would have decided to do in retrospect, and armed with certain knowledge that [he] would be convicted of murder and sentenced to sixty years, amounts to little more than regretful conjecture on his part."[8] In other words, the habeas court found that, in hindsight, the petitioner sincerely now *believes* that he would have accepted the plea after having been convicted and sentenced to sixty years, but, on the matter of whether he would have accepted the plea offer *at the time it was available to him*, the court found his testimony to be unreliable.

Further bolstering its finding that the petitioner would have rejected the plea deal even if he had received accurate advice concerning the admissibility of McLeod's testimony, the habeas court, in its memorandum of decision, cited to the petitioner's testimony in which he expressed that he was willing to accept a plea deal totaling twenty years but not thirty-five years. The habeas court also considered that the petitioner rejected the thirty-five year plea offer despite knowing that McLeod was likely to testify regarding other facts that were inculpatory and on which the adoptive admissions ruling had no bearing. Thus, on the basis of the record before it, the habeas court found that, although the petitioner sincerely believes that, in hindsight, he would have accepted the plea offer, an objective analy-

sis of what he would have done at the time the plea was available to him yields the opposite conclusion.

Ultimately, the habeas court concluded, after choosing not to credit the petitioner's testimony that he would have accepted the plea offer if his trial counsel had performed competently, that the petitioner failed to sustain his burden of persuasion that he was prejudiced by his trial counsel's alleged deficient performance. That conclusion was also supported by other evidence in the record that tended to demonstrate that the petitioner would not have accepted a plea offer of more than twenty years. Given our well established deference to the habeas court's credibility determinations and factual findings, we see no reason to disturb the habeas court's ultimate conclusion that the petitioner was not prejudiced even if his trial counsel did not competently advise him.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Our Supreme Court has described a "habeas on a habeas" as "a second petition for a writ of habeas corpus (second habeas) challenging the performance of counsel in litigating an initial petition for a writ of habeas corpus (first habeas), which had claimed ineffective assistance of counsel at the petitioner's underlying criminal trial or on direct appeal." *Kaddah* v. *Commissioner of Correction*, 324 Conn. 548, 550, 153 A.3d 1233 (2017).

Technically, this is the petitioner's third petition for a writ of habeas corpus. The first petition was denied in 2002 after a trial at which Attorney Frank P. Cannatelli represented the petitioner. The habeas court granted certification to appeal its judgment, and this court affirmed the denial of the petition. See *Rogers* v. *Commissioner of Correction*, 82 Conn. App. 901, 846 A.2d 962, cert. denied, 269 Conn. 902, 851 A.2d 304 (2004). In August, 2008, the petitioner filed a second petition but ultimately withdrew it in February, 2012, before trial. Attorney Damon A.R. Kirschbaum represented the petitioner with respect to his second petition.

[2] The habeas court granted the petition for certification to appeal its judgment.

[3] The habeas court did not make an explicit finding as to whether trial counsel performed deficiently with respect to providing accurate advice concerning the admissibility of a portion of McLeod's testimony. Rather, it found that even if trial counsel had performed deficiently, the petitioner had "failed to meet his burden of demonstrating that a reasonable likelihood exists that, but for [trial counsel's] misadvice regarding the inadmissibility of a portion of McLeod's testimony, he would have accepted the thirty-five year proposed disposition."

It is well settled that "[a] court can find against a petitioner, with respect to a claim of ineffective assistance of counsel, on either the performance prong or the prejudice prong, whichever is easier." *Ham* v. *Commissioner of Correction*, 301 Conn. 697, 704, 23 A.3d 682 (2011). We affirm the court's denial of habeas relief, in which it found that the petitioner failed to meet his burden of demonstrating that it is reasonably probable that, in the absence of his trial counsel's alleged deficient advice, the petitioner would have accepted the thirty-five year plea deal. The petitioner, therefore, failed to establish prejudice. Thus, we do not address whether the petitioner's trial counsel performed deficiently.

Similarly, the habeas court did not make an explicit finding as to whether Cannatelli performed deficiently. Rather, the court focused its analysis on whether the petitioner suffered prejudice from his trial counsel's representation, assuming his trial counsel performed deficiently.

To succeed on a claim that former habeas counsel provided ineffective assistance by failing to raise a claim of ineffective assistance of trial counsel, the petitioner must show that both habeas counsel and trial counsel were ineffective. *Lozada* v. *Warden*, 223 Conn. 834, 842, 613 A.2d 818 (1992). Because the habeas court properly found that the petitioner failed to meet his burden of demonstrating that it was reasonably probable that he would

have accepted the plea offer but for his trial counsel's alleged deficient performance, we do not address the petitioner's claim that Cannatelli rendered ineffective assistance, as that claim fails as a matter of law.

[4] In the petitioner's direct appeal from his conviction, this court, in relation to a claim regarding the propriety of jury instructions pertaining to adoptive admissions, stated that the trial court properly admitted McLeod's testimony pertaining to the postshooting conversation as an adoptive admission. See *State* v. *Rogers*, supra, 50 Conn. App. 484–85.

[5] In his appellate brief and at oral argument before this court, the petitioner addressed only count nine, which alleges ineffective assistance of counsel with respect to the advice the petitioner received from his trial counsel regarding the admissibility of McLeod's testimony about the postshooting conversation between the petitioner, Council, and McCowen. The petitioner abandoned his appeal with respect to count ten, in which he alleges that he received ineffective assistance of counsel because his trial counsel failed to adequately explain to him whether he could be convicted as an accessory. On appeal, the petitioner did not brief accessorial liability as a separate claim of ineffective assistance of counsel. Furthermore, at oral argument, the petitioner conceded that the habeas court's ruling with respect to count nine is the only issue he raised on appeal and that his appeal related to count ten is not independent of his appeal related to count nine. Thus, we do not address count ten.

[6] Because we conclude that the habeas court properly found that the petitioner failed to meet his burden of demonstrating that it is reasonably probable that he would have accepted the plea deal but for his trial counsel's alleged deficient performance, we do not address the second prong of the prejudice test.

[7] The petitioner insists that this court is required to engage in a scrupulous examination of the record to ensure that the habeas court's factual findings are predicated on substantial evidence. See *State* v. *Mullins*, 288 Conn. 345, 362, 952 A.2d 784 (2008) ("[a]s we have noted previously, however, when a question of fact is essential to the outcome of a particular legal determination that implicates a defendant's constitutional rights, *and the credibility of witnesses is not the primary issue*, our customary deference to the trial court's factual findings is tempered by a scrupulous examination of the record to ascertain that the trial court's factual findings are supported by substantial evidence [emphasis added]"). In a lapsed plea case like this case, however, the credibility of the petitioner *is* the primary issue. See *Kellman* v. *Commissioner of Correction*, 178 Conn. App. 63, 72, 174 A.3d 206 (2017) ("[t]he petitioner's claim concerning whether a plea deal was presented or meaningfully explained to him, specifically, whether this prejudiced him, depends entirely on the habeas court's determinations on credibility, to which we defer on appeal"); see also *Barlow* v. *Commissioner of Correction*, 150 Conn. App. 781, 804, 93 A.3d 165 (2014) ("the habeas court is in the best position to determine whether it is reasonably likely that the petitioner would have accepted the offer had he received adequate advice from [his counsel]"). We do not apply the "scrupulous examination-substantial evidence" standard because the petitioner's credibility is the primary consideration in determining whether he was prejudiced by the alleged deficient performance of his trial counsel.

[8] In a case in which the habeas court considered a petitioner's claim that his decision to accept a plea and not to go to trial would have been different but for his counsel's deficient performance, this court, in affirming the habeas court's denial of a petition for a certification to appeal its judgment, determined that such a claim "suffers from obvious credibility problems and must be evaluated in light of the circumstances [he] would have faced at the time of his decision." (Internal quotation marks omitted.) *Colon* v. *Commissioner of Correction*, 179 Conn. App. 30, 36, 177 A.3d 1162 (2017), cert. denied, 328 Conn. 907, 178 A.3d 390 (2018).