******************************************

    The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

    All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

    The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# CHAUNCEY WATTS *v.* COMMISSIONER OF CORRECTION
## (AC 42049)

Prescott, Devlin and Sullivan, Js.

*Syllabus*

The petitioner, who had been convicted of, inter alia, manslaughter in the first degree with a firearm and assault in the first degree, sought a writ of habeas corpus, claiming that his trial counsel provided ineffective assistance and that his sentence of ninety-five years of imprisonment violated his state and federal constitutional rights to be free from cruel and unusual punishment. The petitioner had been charged with murder and assault in the first degree in connection with a shooting incident when he was seventeen years old. In a second case, he was charged with assault in the first degree in connection with a different shooting incident. The petitioner opted to go to trial after rejecting a plea offer of thirty-eight years of incarceration to resolve both cases. Prior to trial, he pleaded guilty in the second case, and the jury thereafter found him guilty in the murder case. The habeas court rendered judgment denying the petitioner's ineffective assistance of counsel claim and dismissing without prejudice his cruel and unusual punishment claim, from which the petitioner, on the granting of certification, appealed to this court. *Held*:

1. The habeas court properly rejected the petitioner's claim that his trial counsel rendered ineffective assistance by failing to properly advise him about the plea offer; the petitioner failed to prove that he was prejudiced by counsel's allegedly deficient performance, as the habeas court, after choosing not to credit the petitioner's testimony, concluded that he would not have accepted the plea offer if his lawyer had performed competently and, given this court's well established deference to the habeas court's credibility determinations, the petitioner failed to sustain his burden of persuasion.

2. The petitioner could not prevail on his claim that his sentence violated his state and federal constitutional rights to remain free from cruel and unusual punishment and, thus, that he was entitled to a new sentencing proceeding in which the court must consider the mitigating factors of youth and impose a proportionate sentence:

   a. Contrary to the assertion by the respondent Commissioner of Correction that this court lacked subject matter jurisdiction over the petitioner's cruel and unusual punishment claim because he was not aggrieved by the habeas court's dismissal of the claim without prejudice, the petitioner was aggrieved by the dismissal and, thus, this court had subject matter jurisdiction; although the habeas court's disposition of the petitioner's claim would have allowed him to file a new habeas petition, he was nonetheless aggrieved, as the dismissal deprived him of his right to have his claim adjudicated on a timely basis because he would have been forced to file a new habeas petition that would have led to a significant delay in his ability to resolve his claim.

   b. The petitioner was not entitled to resentencing, as there was no violation of his constitutional rights to be free from cruel and unusual punishment; subsequent to the petitioner's conviction the legislature enacted No. 15-84, § 1, of the 2015 Public Acts, which was later codified (§ 54-125a [f]) and provided parole eligibility for juvenile offenders serving a sentence of greater than ten years of incarceration, our Supreme Court determined in *State* v. *Williams-Bey* (333 Conn. 468), which had been pending during the petitioner's habeas trial, that parole eligibility adequately remedied any violation of the requirement in *Miller* v. *Alabama* (567 U.S. 460) that the mitigating factors of youth be considered before a sentence of life without the possibility of parole, or its functional equivalent, could be imposed on a juvenile offender, and the petitioner's appellate counsel conceded at oral argument before this court that the outcome of *Williams-Bey* would be dispositive of this issue on appeal.

Argued September 9—officially released November 26, 2019

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Hon. Edward J. Mullarkey*, judge trial referee; judgment denying the petition in part and dismissing the petition in part, from which the petitioner, on the granting of certification, appealed to this court. *Improper form of judgment*; *judgment directed in part*.

*Darcy McGraw*, assigned counsel, with whom, on the brief, was *Kayla Stephen*, legal intern, for the appellant (petitioner).

*Matthew A. Weiner*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, *Leah Hawley*, supervisory assistant state's attorney, and *Tamara Grosso*, assistant state's attorney, for the appellee (respondent).

*Opinion*

SULLIVAN, J. The petitioner, Chauncey Watts, appeals, following the granting of his petition for certification to appeal, from the judgment of the habeas court denying in part and dismissing in part his petition for a writ of habeas corpus. In his two underlying criminal cases, the petitioner rejected a plea offer from the court, *Clifford, J.*, to resolve the two cases because he allegedly was not properly advised of the charges, defenses, and best course of action regarding the offer, and, therefore, was unaware of "the consequences of rejecting [the offer]." Following a jury trial, the petitioner was convicted and sentenced to ninety-five years in prison, the functional equivalent of a life sentence.[1] The petitioner filed a petition for a writ of habeas corpus in which he alleged (1) that he received ineffective assistance of trial counsel regarding the plea offer he rejected, and (2) that his sentence violated the eighth amendment to the United States constitution and article first, §§ 8 and 9, of the constitution of Connecticut. The habeas court denied the petitioner's first claim on the grounds that trial counsel's representation was not deficient and that the petitioner failed to prove prejudice. The court dismissed the cruel and unusual punishment claims "without prejudice," reasoning that, if it ruled on the merits of the claim, it would be bound to follow this court's decision in *State* v. *Williams-Bey*, 167 Conn. App. 744, 144 A.3d 467, cert. granted, 326 Conn. 920, 169 A.3d 793 (2017), which, at the time, was under review by our Supreme Court.[2]

On appeal, the petitioner asserts two claims. First, the petitioner claims that the habeas court erred in concluding that the performance of his trial counsel was not deficient and that, even if it were, he was not prejudiced by the alleged deficient representation. Second, the petitioner claims that the sentencing court violated his rights to remain free from cruel and unusual punishment under the eighth amendment to the United States constitution and article first, §§ 8 and 9, of the constitution of Connecticut when he was sentenced. We conclude that the habeas court properly rejected the petitioner's ineffective assistance of counsel claim because the petitioner failed to prove prejudice. Further, we conclude that the habeas court should not have dismissed the petitioner's second claim but should have concluded on its merits that the petitioner's sentencing did not violate the eighth amendment to the United States constitution and article first, §§ 8 and 9, of the Connecticut constitution, and that he is not entitled to resentencing. Accordingly, we affirm in part and reverse in part the judgment and remand the case with direction to render judgment in favor of the respondent, the Commissioner of Correction, denying the second count of the petition.

The following facts and procedural history are rele-

vant to this appeal. On the evening of September 29, 1995, the petitioner and a fellow gang member rode their bicycles past a residence in Hartford and fired four rounds of ammunition into a group of people standing by a car. All four individuals were shot. One of those individuals, Javier Mateo, died as a result of his injuries. *State* v. *Watts*, 71 Conn. App. 27, 28–30, 800 A.2d 619 (2002). The petitioner was seventeen years old at the time of the shooting. We refer to this event as the Hartford murder.

The petitioner, after seeing his photograph in the news the next day, fled to Florida. Id., 30. While in Florida, the petitioner joined a magazine sales company located in New Jersey. Coincidentally, he returned to East Hartford for work with the magazine company. On August 2, 1998, he had an argument with a coworker. The petitioner pulled out a handgun and shot the coworker in the chest and leg. The coworker survived his injuries. The petitioner was twenty-one years old at the time of the shooting. We refer to this event as the East Hartford shooting.

Within hours of the East Hartford shooting, the petitioner surrendered to the police on an outstanding warrant involving the Hartford murder. While in custody, the petitioner gave a statement to the police in which he implicated himself in the Hartford murder. The petitioner also was questioned by the police about the East Hartford shooting that occurred earlier that day. In response, the petitioner "gave a signed statement indicating his involvement in [the East Hartford shooting] and that he shot [the coworker] . . . ."

The petitioner was charged with murder in violation of General Statutes §§ 53a-54 (a) and 53a-8 (a), conspiracy to commit murder in violation of General Statutes §§ 53a-48 (a) and 53a-54a (a), and three counts of assault in the first degree in violation of General Statutes §§ 53a-59 (a) (5) and 53a-8 (a) in relation to the Hartford murder. The petitioner also was charged with assault in the first degree in violation of § 53a-59 (a) (1) in connection with the East Hartford shooting.

The petitioner pleaded not guilty and elected a jury trial in both cases. Shortly thereafter, the trial court offered the petitioner a plea deal of thirty-eight years of incarceration to resolve the two cases. The petitioner rejected the court's offer. Nine and one-half months after rejecting the court's offer of thirty-eight years and before jury selection in the Hartford murder case, the petitioner accepted a separate plea offer of nine years to resolve the East Hartford shooting.

The jury in the Hartford murder case found the petitioner guilty of manslaughter in the first degree with a firearm in violation of General Statutes §§ 53a-55a (a) and 53a-8 (a), and three counts of assault in the first degree. *State* v. *Watts*, supra, 71 Conn. App. 28. The

petitioner was sentenced to ninety-five years plus a sentence enhancement under General Statutes § 53-202k of five years for a total effective sentence of 100 years of incarceration consecutive to the nine year sentence in the East Hartford shooting. The sentence later was reduced to ninety-five years of incarceration.[3] The petitioner's conviction was affirmed on direct appeal. Id., 40.

The petitioner filed the present habeas corpus action on September 26, 2012. His amended petition, filed on August 18, 2017, contained two counts. In count one, the petitioner alleged a violation of his constitutional right to the effective assistance of counsel. In count two, he alleged a violation of his eighth amendment right to remain free from cruel and unusual punishment. In his return, the respondent alleged, inter alia, that the petitioner cannot obtain habeas corpus review because he failed to raise the eighth amendment claim in a motion to correct an illegal sentence and, thus, the claim was procedurally defaulted. In his reply, the petitioner alleged that his claim was not procedurally defaulted pursuant to *State* v. *Boyd*, 323 Conn. 816, 151 A.3d 355 (2016), and *State* v. *Delgado*, 323 Conn. 801, 151 A.3d 345 (2016), because the trial court did not have jurisdiction to hear a claim involving "mitigating factors associated with a juvenile's young age" in a motion to correct an illegal sentence. *State* v. *Delgado*, supra, 812–13.

Following a two day trial, the habeas court issued a memorandum of decision in which it made the following relevant factual findings. In the underlying criminal case, the petitioner had been represented by Attorney Avery Chapman at trial. Prior to trial, the trial court, offered to resolve the two cases pending against the petitioner if he accepted a thirty-eight year plea deal and pleaded guilty to the charges against him. The petitioner testified that he was aware of the offer, that his trial counsel conveyed the offer to him, and that he and his counsel discussed the offer. The petitioner stated that he was open to the idea of taking a guilty plea because he "knew [he] had to plead guilty" given that he had admitted his guilt previously to the police, and conveyed this desire to trial counsel. Further, the petitioner testified that he rejected the plea offer because "[he] didn't know the consequences of rejecting it." The habeas court denied count one, dismissed count two "without prejudice," and rendered judgment in favor of the respondent. The habeas court granted the petitioner's petition for certification to appeal. This appeal followed. Additional facts and procedural history will be set forth as necessary.

I

The petitioner claims that the habeas court improperly denied his ineffective assistance of counsel claim because (1) he was not properly advised regarding the plea offer and (2) he would have accepted the thirty-

eight year plea deal had he been adequately advised. We disagree.

We begin our analysis with the standard of review. The sixth amendment to the United States constitution provides a criminal defendant "the assistance of counsel for his defense." U.S. Const., amend. VI. "It is axiomatic that the right to counsel is the right to the effective assistance of counsel." (Internal quotation marks omitted.) *Phillips* v. *Warden*, 220 Conn. 112, 132, 595 A.2d 1356 (1991). "The legal principles that govern an ineffective assistance claim are well settled. . . . A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . The second prong is . . . satisfied if the petitioner can demonstrate that there is a reasonable probability that, but for that ineffectiveness, the outcome would have been different." (Citation omitted; internal quotation marks omitted.) *Betts* v. *Commissioner of Correction*, 188 Conn. App. 397, 405, 204 A.3d 1221, cert. denied, 331 Conn. 919, 206 A.3d 186 (2019), citing *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). It is well settled that the two part *Strickland* test applies to challenges of ineffective assistance of counsel claims involving plea negotiations. *Hill* v. *Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

It "is axiomatic that courts may decide against a petitioner on either prong [of the *Strickland* test], whichever is easier." (Internal quotation marks omitted.) *Flomo* v. *Commissioner of Correction*, 169 Conn. App. 266, 278, 149 A.3d 185 (2016), cert. denied, 324 Conn. 906, 152 A.3d 544 (2017). "In its analysis, a reviewing court may look to the performance prong or to the prejudice prong, and the petitioner's failure to prove either is fatal to a habeas petition." (Internal quotation marks omitted.) *Colon* v. *Commissioner of Correction*, 179 Conn. App. 30, 36, 177 A.3d 1162 (2017), cert. denied, 328 Conn. 907, 178 A.3d 390 (2018). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the [petitioner] as a result of the alleged deficiencies." (Internal quotation marks omitted.) *Kellman* v. *Commissioner of Correction*, 178 Conn. App. 63, 72, 174 A.3d 206 (2017).

In order to demonstrate prejudice resulting from his trial counsel's alleged deficient performance, the petitioner had the burden of demonstrating "that (1) it is reasonably probable that, if not for counsel's deficient performance, the petitioner would have accepted the plea offer, and (2) the trial judge would have conditionally accepted the plea agreement if it had been pre-

sented to the court." *Ebron* v. *Commissioner of Correction*, 307 Conn. 342, 357, 53 A.3d 983 (2012), cert. denied sub nom. *Arnone* v. *Ebron*, 569 U.S. 913, 133 S. Ct. 1726, 185 L. Ed. 2d 802 (2013).

In applying these standards, "[t]he habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed unless they are clearly erroneous. . . . The application of [the pertinent legal standard to] the habeas court's factual findings . . . however, presents a mixed question of law and fact, which is subject to plenary review." (Internal quotation marks omitted.) Id. 351.

In the present case, the petitioner testified at the habeas trial that, if he had received accurate advice regarding the plea offer he was given, he would have accepted it. Later in his testimony, however, he stated that at the time he was offered the thirty-eight year plea offer, it was his impression that "[i]t was a large sentence." The habeas court, as the trier of fact, found that "the petitioner did not prove that there was a reasonable probability that he would have accepted the offer of thirty-eight years, even if Attorney Chapman had 'recommended' it," and implicitly discredited the petitioner's testimony. It is well established that "[t]he habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 741, 937 A.2d 656 (2007). Because the habeas court discredited the petitioner's testimony, and there was no other evidence from which the court could have found that the petitioner would have accepted the plea deal offered, the petitioner failed to meet his burden of demonstrating prejudice.

Ultimately, the habeas court concluded, after choosing not to credit the petitioner's testimony, that he would not have accepted the plea offer if his lawyer had performed competently, and that the petitioner failed to sustain his burden of persuasion of showing that he was prejudiced by his trial counsel's alleged deficient performance. Given our well established deference to the habeas court's credibility determinations, the petitioner cannot prevail on this claim.

II

The petitioner next claims that the trial court violated his eighth amendment right to remain free from cruel and unusual punishment. We disagree.

A

Before we reach the merits of the petitioner's cruel and unusual punishment claim, we must first address a jurisdictional issue raised by the respondent pertaining to this second claim. The respondent argues that this court lacks subject matter jurisdiction to consider the petitioner's second claim because the peti-

tioner is not aggrieved by the habeas court's dismissal of the claim without prejudice. We disagree with the respondent.

The following procedural history and facts are relevant to the resolution of this claim. The second count of the petitioner's amended habeas petition alleged that his eighth amendment right to remain free from cruel and unusual punishment had been violated. After a trial, the habeas court dismissed the petitioner's constitutional claims "without prejudice" because the petitioner would have lost on the merits—pursuant to this court's decision in *State* v. *Williams-Bey*, supra, 167 Conn. App. 744—and acknowledged that, because the appeal in *Williams-Bey* was then pending at our Supreme Court, the court's decision would be "dispositive of the petitioner's claim . . . ." The petitioner thereafter filed a petition for certification to appeal from the judgment of the habeas court. After the petition was granted, this appeal followed.

If a jurisdictional question is raised with respect to a claim, the court must resolve it before it may adjudicate that claim. *Johnson* v. *Commissioner of Correction*, 258 Conn. 804, 813, 786 A.2d 1091 (2002). It is well settled that "[i]n the appellate context, aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . . We traditionally have applied the following two part test to determine whether aggrievement exists: (1) does the allegedly aggrieved party have a specific, personal and legal interest in the subject matter of a decision; and (2) has this interest been specially and injuriously affected by the decision." (Internal quotation marks omitted.) *Nanni* v. *Dino Corp.*, 117 Conn. App. 61, 70, 978 A.2d 531 (2009). Our Supreme Court, in applying this standard, has asked whether the dismissal without prejudice has placed the petitioner "in an appreciably different position than [he] would have been in if the trial court had not dismissed the" count. *State* v. *Johnson*, 301 Conn. 630, 647, 26 A.3d 59 (2011).

In support of his claim, the respondent relies on *Tyson* v. *Commissioner of Correction*, 155 Conn. App. 96, 109 A.3d 510, cert. denied, 315 Conn. 931, 110 A.3d 432 (2015), and *State* v. *Johnson*, supra, 301 Conn. 630. *Tyson*, however, provides little analysis on which this court may rely in conducting an aggrievement analysis, and *Johnson* is procedurally distinguishable because much of the court's aggrievement analysis rested on the fact that the statute of limitations period had expired in that case, which is not at issue in the present case. We conclude that *Mitchell* v. *Commissioner of Correction*, 93 Conn. App. 719, 891 A.2d 25, cert. denied, 278 Conn. 902, 896 A.2d 104 (2006), provides a more instructive aggrievement analysis.

In *Mitchell*, the petitioner filed a habeas petition, a

petition for DNA testing of a sex crime kit, and a motion for a continuance of the habeas trial to allow time for the DNA testing to be completed, in order to contest evidence admitted in the underlying criminal trial. Id., 721 and n.1. The habeas court considered the petitioner's petition and his motion and denied both. Id., 721. The court, sua sponte, dismissed the habeas petition without prejudice. Id. The petitioner appealed, claiming that the court improperly denied his petition for DNA testing of evidence. Id., 722.

On appeal, this court held that the habeas court abused its discretion when it denied the petitioner's motion for a continuance and dismissed his petition for a writ of habeas corpus in its entirety. Id., 723–24. In so deciding, this court stated: "Here, when the court denied the motion for a continuance and dismissed the petitioner's case, it reasoned that it would not be appropriate to have the case stay inactive on the docket while the petitioner brought his petition for DNA testing to the sentencing court and awaited the results of that testing, even though the petitioner had a statutory right to a hearing pursuant to P.A. 03-242, § 7. *Although we recognize the importance of docket management, it is not in the interest of judicial economy to require the petitioner to file a separate petition with the sentencing court and then to [file] a new petition for a writ of habeas corpus.* Furthermore, the respondent commissioner of correction would not have suffered any prejudice by allowing the petitioner's case to remain on the docket until the petition for DNA testing had been decided by the sentencing court. *The petitioner, on the other hand, was prejudiced by the denial because any new petition filed would be reached for hearing later than the one he already had filed.* There is a substantial due process right in the petitioner's efforts to prove his actual innocence, particularly because he is incarcerated. The petitioner was prejudiced by the denial of his motion for a continuance and the dismissal of his habeas petition." (Emphasis added.) Id., 724–25.

In the present case, although the court's disposition of the claim would have allowed the petitioner to file a new habeas petition, he is nonetheless aggrieved. As in *Mitchell*, the dismissal without prejudice deprived the petitioner of his right to have his claim adjudicated on a timely basis. In the event that the outcome of *Williams-Bey* was favorable to the petitioner, he would have been forced to file a new habeas petition. This process inherently would lead to a significant delay in the petitioner's ability to resolve his claim. For the foregoing reasons, we conclude that the petitioner was aggrieved by the habeas court's dismissal of his eighth amendment claims without prejudice and that this court has subject matter jurisdiction over this claim.

B

With respect to the merits of the petitioner's second

claim, the petitioner alleges that his sentence violates the eighth amendment to the United States constitution and article first, §§ 8 and 9, of the Connecticut constitution. Further, he argues that his sentencing process is not remedied by General Statutes § 54-125a. "The petitioner alleges that his sentence was not individualized or proportionate, and does not account for his age and youth related mitigation, because the sentencing court did not consider his age and the mitigating characteristics of youth." On these grounds, the petitioner argues that he must have "a new sentencing proceeding where his youth is given mitigating effect and a proportionate sentence imposed." However, the petitioner's counsel agreed at oral argument before this court that the outcome of *Williams-Bey* is dispositive of this issue on appeal and conceded that if our Supreme Court affirmed the judgment of the Appellate Court in *Williams-Bey*, the petitioner would no longer have a valid claim. For the reasons that follow, we conclude that there is no federal or state constitutional violation and that the petitioner is not entitled to resentencing.

In *Miller* v. *Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), the United States Supreme Court held that the "[e]ighth [a]mendment [to the federal constitution, which prohibits cruel and unusual punishment] forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." Id., 479. Our Supreme Court has interpreted *Miller* to "[prohibit] a trial court from sentencing a juvenile convicted of murder to life imprisonment without parole unless the court has considered youth related mitigating factors . . . ." *State* v. *Delgado*, supra, 323 Conn. 810.

In response to the *Miller* decision, the legislature enacted No. 15-84, § 1, of the 2015 Public Acts (P.A. 15-84, § 1), which was later codified in General Statutes § 54-125a (f)[4] and that provides parole eligibility for juvenile offenders who are serving a sentence of greater than ten years of incarceration.

Subsequently, our Supreme Court addressed *Miller* and, in a series of cases, first held that a juvenile offender serving a life sentence of imprisonment, or its functional equivalent, without the possibility of parole can no longer make a colorable claim that his or her sentence is illegal under the eighth amendment to the United States constitution and *Miller*—even if the trial court failed to consider the mitigating factors of youth— because juvenile offenders are now eligible for parole under P.A. 15-84. *State* v. *Delgado*, supra, 323 Conn. 809–12.

In *McCleese*, "[t]he defendant was seventeen years old when he and a partner shot and killed one victim and injured another. . . . The defendant received a total effective sentence of eighty-five years of imprisonment without eligibility for parole . . . . Although the

sentencing court . . . considered other mitigating evidence and mentioned the defendant's youth several times, there [was] no express reference in the record that it specifically considered youth as a mitigating factor, which, at the time, was not a constitutional requirement. See *Miller* v. *Alabama*, supra, 567 U.S. 460." (Citations omitted.) *State* v. *McCleese*, 333 Conn. 378, 382, A.3d (2019).

Following our Supreme Court's post-*Miller* decisions, the defendant in *McCleese* filed a motion to correct an illegal sentence. He grounded his claims in the eighth amendment and article first, §§ 8 and 9, of the state constitution. Id., 385. These claims required our Supreme Court to consider "whether the legislature may remedy the constitutional violation with parole eligibility." Id., 381. Our Supreme Court held that "parole eligibility under P.A. 15-84, § 1, is an adequate remedy for a *Miller* violation under our state constitution just as it is under the federal constitution." Id., 387.

*Williams-Bey*, a companion case to *McCleese*, further clarifies this issue. The defendant in *Williams-Bey* was "currently imprisoned for murder. He was sixteen years old when he and two friends shot and killed the victim. . . . In accordance with the plea agreement, the court imposed a sentence of thirty-five years imprisonment. At the time of sentencing, the crime of which the defendant was convicted made him ineligible for parole." *State* v. *Williams-Bey*, supra, 333 Conn. 471. Pursuant to *Miller* and § 54-125a (f), the defendant in *Williams-Bey* filed a motion to correct an illegal sentence alleging a violation of the eighth amendment. Id., 473. The trial court dismissed the motion for lack of subject matter jurisdiction. The defendant appealed to this court. This court rejected the defendant's claim and upheld the sentence, holding that the trial court had jurisdiction over the defendant's claim and that P.A. 15-84, § 1, remedied any sentencing violation. *State* v. *Williams-Bey*, supra, 167 Conn. App. 749–50. The defendant thereafter petitioned for certification to appeal to our Supreme Court. See *State* v. *Williams-Bey*, 326 Conn. 920, 169 A.3d 793 (2017.)

Our Supreme Court granted the defendant's petition for certification to appeal, limited to the following questions: "1. Under the Connecticut constitution, article first, §§ 8 and 9, are all juveniles entitled to a sentencing proceeding at which the court expressly considers the youth related factors required by the United States constitution for cases involving juveniles who have been sentenced to life imprisonment without the possibility of release? . . . 2. If the answer to the first question is in the affirmative and a sentencing court does not comply with the sentencing requirements under the Connecticut constitution, does parole eligibility under . . . § 54-125a (f) adequately remedy any state constitutional violation?" (Citation omitted; internal quotation

marks omitted.) *State* v. *Williams-Bey*, supra, 333 Conn. 474–75. The court concluded that parole eligibility under § 54-125a (f) adequately remedied any *Miller* violation under the Connecticut constitution, noting that because the defendant in *Williams-Bey* was parole eligible, he was not entitled to resentencing under the state constitution. Id., 476–77, quoting *State* v. *McCleese*, supra, 333 Conn. 387.

Our Supreme Court precedent in *Delgado, Williams-Bey* and *McCleese* makes clear that, in light of § 54-125a, a habeas petitioner can no longer prevail on a claim that his sentence was imposed in an illegal manner when a court fails to consider the mitigating factors of youth when imposing the equivalent of a life sentence because § 54-125a currently provides an adequate remedy.

The form of the judgment is improper as to the dismissal of the second count of the habeas petition, the judgment is reversed as to that count and the case is remanded with direction to render judgment denying that count; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] General Statutes § 53a-35b provides in relevant part: "A sentence of life imprisonment means a definite sentence of sixty years, unless the sentence is life imprisonment without the possibility of release . . . ."

[2] While the present appeal was pending, our Supreme Court issued its decision in *State* v. *Williams-Bey*, 333 Conn. 468, 215 A.3d 711 (2019), affirming the judgment of the Appellate Court. The defendant in that case filed a motion for reconsideration en banc, which has been denied.

The habeas court, in its memorandum of decision, stated: "The petitioner may, if the Supreme Court's decision in *Williams-Bey* provides support for his claim and any relief he is seeking, whether in the sentencing court or the habeas court, pursue any such relief he may be entitled to as a result of *Williams-Bey*."

[3] The trial court, *Dewey, J.*, later vacated the sentence enhancement imposed on the petitioner pursuant to § 53-202k, making the total effective sentence ninety-five years to serve.

[4] General Statutes § 54-125a (f) (1) provides in relevant part: "[A] person convicted of one or more crimes committed while such person was under eighteen years of age, who is incarcerated on or after October 1, 2015, and who received a definite sentence or total effective sentence of more than ten years for such crime or crimes prior to, on or after October 1, 2015, may be allowed to go at large on parole in the discretion of the panel of the Board of Pardons and Paroles for the institution in which such person is confined, provided (A) if such person is serving a sentence of fifty years or less, such person shall be eligible for parole after serving sixty per cent of the sentence or twelve years, whichever is greater, or (B) if such person is serving a sentence of more than fifty years, such person shall be eligible for parole after serving thirty years. . . ."